**MERRICK et al., Plaintiffs, v. MERRICK et al., Defendants.**

Common Pleas Court, Muskingum County.

No. 36023. Decided December 12, 1949.

John Allen, Marvin Lewis, Zanesville, for plaintiff.
Jones, Goldcamp & Funk, Zanesville, for defendant.

## OPINION

By CROSSLAND, J:—

Action by plaintiffs to quiet title to real estate acquired by plaintiff Sarah H. Merrick December 28, 1888, who conveyed remainders of the two parcels thereof to two of her children, plaintiffs Alfred N. Merrick and Mary Olive McElroy, subsequent to the death of William N. Merrick, husband of the said Sarah H. Merrick, who died testate December 30, 1938, is resisted by defendant Eugene B. Merrick as to the parcel claimed by him under will of decedent William N. Merrick, father of defendants, and uncontested by defendant William A. Merrick. The last named is purported to be devisee under will of said testate William N. Merrick of a part of the parcel whose remainder was conveyed by the said Sarah H. Merrick to Alfred N. Merrick, to-wit, 1028 Maysville Avenue; while Eugene B. Merrick is purportedly devisee under the same will of the parcel conveyed by said Sarah H. Merrick to said Mary Olive McElroy, who also later received deed of her said mother to the formerly reserved life estate. William N. Merrick, the testator, did not at any time own any of the said real estate and none of it was inventoried or appraised as any part of his estate at the time of his death. Sarah H. Merrick duly elected to take under her deceased husband's will, whose will is identical with that made by his widow, who still survives, such will naming the surviving spouse as life tenant in all property owned by either.

The question at issue is as to whether or not the sole contestee, Eugene B. Merrick, owns the remainder conveyed by Sarah H. Merrick to Mary Olive McElroy, of the parcel known as the store room and flat.

Obviously, the answer stems from the ownership of Sarah H. Merrick and whether or not she in any way lost the right to convey her separately owned property after the death of her said husband.

In the statutory election by Sarah H. Merrick to take under the will of decedent William N. Merrick, pursuant to the inventory and appraisement of his separate estate, his widow simply elected to take the life estate therein he willed her rather than a widow's interest therein under the law. Her choice concerned only his estate and her resulting election could be no broader than its intended concern. There could be no conceivable waiver of right, title or interest as to property regarding which she was not called upon to and did not act. Her own property was not involved in her

election under and pursuant to her choice of rights in regard to his estate. It was his estate, not hers, that was being administered and his property, not hers, that was the subject matter of her election. To ascribe to her election an implied acceptance by her thereafter of any less than she already previously owned of and in her own separate property would, in effect, be to attempt to accord her substantially less than she was otherwise entitled to receive from her deceased husband's estate by virtue of her election; or, in other words, substantially less than the equivalent of a life estate in his property. For a court to so find and order, in the judgment of this court, would be unconscionable and the antithesis of equity.

If the widow in this case had elected to take under the law, then admittedly her own separate property was wholly unaffected thereby, because her possible election to take under the law pertained only to the property of his estate, the law already according her the right to dispose of her own property as she desired. Since her election to take is occasioned only by the fact that her husband left a will, how does the fact that he undertook to dispose of her property in his will become effectual as to her property merely because she accepts a lesser provision out of his property under will than would have been hers under law? To put the question another way, how does the election statute, which deals with the subject matter of the decedent's estate, operate over two entirely different areas of property ownership at one and the same time? And how can a widow, whose choice is limited to her husband's property under the law properly be considered to have contemplated or intended inclusion of her own property, in electing less of his property under will than would have been hers under law? Actually and technically William N. Merrick made no gift, as such, to his widow, Sarah H. Merrick. He did no more than to recognize, as he was required to do, her right as his widow, in lieu of dower, and by provision of will alternative to her otherwise unqualified right under the statutes of descent and distribution. The evidence is completely devoid of any declared or expressed purpose or intention on his part to ensnare her in any peril or pitfall.

It would do violence to the purpose and meaning of the election statute, intended for the protection and benefit of a surviving spouse, as well as contrary to sound public policy and an abridgment of recognized principles of equity, to consider that a surviving spouse who elects to take in her husband's estate thereby elects to forsake a substantial part of her own, especially when, as in this case, the widow did

not so contemplate or intend, having subsequently conveyed parcels of her own real estate, and her deceased husband did not so contemplate or intend, at least in law, as it was not the declared or expressed purpose of either to diminish or lessen the estate or independence of the other at the death of the one.

The election statute, however little or slight may be the result of the choice made, is a statute of accretion, not one of diminution. It was not. enacted as a vehicle for entrapping and denuding the estate of any unwary or unwitting surviving spouse but as an affirmative procedure of making provision for the surviving spouse in the manner of the latter's choice in regard to the decedent's property. Regardless of what the decedent may have sought to accomplish with respect to the succession of the separate property of his surviving widow, she is clearly entitled to the full value of her election in his property, wholly unaffected by any claimed surrender of her own property. Her election was, as the words imply and the plain language of the statute states, an election to take, not to forsake.

"A statute which regulates election by a widow between her rights under the law and a gift by the will of her husband, has no application to a devise by the husband of property, the title to which is in the wife."

Page on Wills, Life-time Election, Vol. 4, Sec. 1358, page 29.

Furthermore, there is a distinction, if need be in this case, between the widow's right to elect to take either under or against her husband's will, without any separate and distinct benefit to her apart from the effect of her election with respect to his separate property, and a possible case in which a surviving spouse derives a substantial benefit in excess of her statutory right of election, which enhances the amount and value of her estate thereafter. In short, Sarah H. Merrick was not so benefited under her husband's will, as he did not confer any such benefit upon her, being only what was already her right by statute, i.e., either to take what was hers by law anyway and without his willingness or consent or to accept what he was willing to accord her under his will, which was probably less than her right under the law, and, in any event, insufficient to support any claimed purpose of his or claim herein of defendant Eugene B. Merrick to try to take from her more of her property than she could possibly acquire of his. In brief, the widow's election concerned the manner of her choice rather than the subject matter involved in it.

There being no conceivable or possible benefit to Sarah H. Merrick under the theory contended for by defendant, independently of what was already previously hers, she was in no way obligated to her deceased husband's estate in regard to her own property after his death, and, a priori, defendant herein has no interest whatever and no valid claim against her conveyance to another.

The opinion and decision of the court in this case is further sustained by application of the doctrine of stare decisis. While it is true, as defendant contends in the brief of his able counsel, that there are no facts either pled or in evidence on the issue of estoppel regarding prior positions of defendant in other earlier cases between the parties, the law of those cases may be invoked by the court as to the decisions therein in principle, if and as applicable herein.

"It has been said to be a general rule and practice for a judge of the common pleas court to follow the former decisions of that court that are unreversed, even though made in a different case."

**11 O. Jur., 774, sec. 128.**

In Merrick v. Merrick, No. 32160, Muskingum County Common Pleas Court, this court on August 27, 1942, sustained a demurrer of defendants, Sarah H. Merrick, Mary Olive McElroy and Joseph E. McElroy, to the petition of E. B. Merrick, which raised the same question regarding the same property on identical facts, raised and in issue in this case, this court determining in said former case that E. B. Merrick, plaintiff therein, defendant herein, was not entitled to any interest in and had no proper claim to "the store room and flat at the junction of Putnam and Maysville Avenue, Zanesville, Ohio," under the will of William N. Merrick, as against the ownership of Sarah H. Merrick and her right to convey to and subsequent ownership by Mary Olive McElroy. The court in this case further concurs in the decision in said former case number 32160, which is directly in point with the facts and issue of the instant case, in fact this case being in effect a retrial of said former case, and concludes accordingly, with like decision.

Plaintiffs are entitled to the relief prayed for and an entry incorporating the findings herein and ordering the quieting of title in the described real estate may be prepared accordingly by counsel for the prevailing parties and submitted to opposite counsel and then to this court for approval and filing. Exceptions are given defendant Eugene B. Merrick.