**OLIVER, Jr., Plaintiff, v. CHESAPEAKE AND OHIO RAILWAY COMPANY, Defendant.**

Common Pleas Court, Franklin County.

No. 189585.  Decided July 16, 1955.

Schwenker, Teaford, Brothers & Solsberry, Columbus, for plaintiff.
Wilson & Rector, Columbus, for defendant.

## OPINION

By BARTLETT, J.

**1. THE MOTION TO MAKE THE 2nd DEFENSE OF THE ANSWER DEFINITE AND CERTAIN, IS OVERRULED.**

It is not entirely settled in Ohio, whether or not a plea of contributory negligence must state the facts which constitute such negligence. **29 O. Jur. Negligence, Sec. 147, p. 621-622.**

It must be conceded that the theory of Code Pleading has often become corrupted by the settled practice over the years in many Courts, "a mongrel form of answer" not contemplated by the reformed system, and not in harmony with its true theory, by the sanction of uniform practise, and the approval of numerous Courts, becomes regarded as the settled and authorized practice. Phillips on Code Pleading, Sec. 503, p. 536.

"It is clear that in pleading contributory negligence it is not necessary to allege specific acts of negligence. The mere general allegation of plaintiff's want of due care contributing proximately to his injury, is sufficient and good as against a motion to make definite and certain." Marshall, C. J., opinion p. 135, in case of **Knisely v. Community Traction Co., 125 Oh St 131,** on similar a motion in the cases of Dougherty v. Beasley Grove, No. 184, 580, and Nightingal Barnhart Sales, Inc., No. 185,704 Judges Clifford and Gessaman of this Court, accepted and followed the corrupted form of so pleading, approved by Marshall, C. J., in the Knisely case, supra; and this appearing to have become the settled and authorized practice in the Courts of the County, this branch of the Court succumbed thereto, in the case of Starroff v. Walker's, Inc., No. 187,665.

"It has been said to be a general rule and practice for a judge of the Common Pleas Court to follow the former decisions of that Court that are unreversed, even though made in a different case." **11 O. Jur. Courts, Sec. 128, p. 774;** Heintz v. Caldwell, 180 D. N. p. 725, 6 O L. Rep. 45; **Merrick et al v. Merrick, et al, 57 Abs 49.** See also, Ranney's, J., opinion in **Kearney v. Buttles, 1 Oh St 362, 366; 11 O. Jur. Courts, Sec. 138, p. 786.**

This branch of the Court might well have differed with the opinions of his Colleagues at the time, but was disinclined to overrule the numerous decisions which seem to have settled the practice and propriety of such pleadings in this county.

The motion to make the second defense of the answer, definite and certain is overruled. An entry may be drawn accordingly, saving the exceptions of counsel for plaintiff.