GINGERICH ET AL. *v.* POKORNY ET AL.

(No. 76 P 496—Decided March 8, 1977.)

Common Pleas Court of Geauga County.

*Mr. Jerome M. Ellerin,* for plaintiffs.
*Mr. Mario C. Ciano,* for defendant.

VEIT, J.   R. C. 2305.11 tolls the one year statute of limitations in malpractice actions for 180 days "[*i*]*f a written notice,* prior to the expiration of * * * [one year], *is given* to any person in a medical malpractice case" to advise the future defendant of the malpractice claim.   (Emphasis added.)   The legislature has not defined the method

of giving such notice and it is not clear whether actual receipt of such notice within one year, or depositing the notice in the mail on time, satisfies the requirements of "giving notice."

In this medical malpractice claim the alleged malpractice occurred on May 5, 1975. Plaintiff deposited his notice in the mail on May 4, 1976. Defendant received the letter on May 6, 1976, one day after the statute of limitations had run. Suit was filed on September 3, 1976, and the issue of whether plaintiff's notice has effectively tolled the statute is before the court on defendant's motion for summary judgment as a matter of first impression in this state.

Defendant urges upon the court a strict construction of the statute, similar to that given the Federal Tort Claims Act in *Steele* v. *United States* (S. D. Calif. 1975), 390 F. Supp. 1109. However, that statute speaks of presentment of a claim in writing rather than of giving notice, and apparently the holding in *Steele* is not universally followed in other Circuits.

In any event, the better view would be to construe liberally, and in favor of survival of an action known at common law, any limitation imposed on such action by statute. Such has been the trend in Ohio. *Meekison* v. *Groschner* (1950), 153 Ohio St. 301, 309.

We cannot speculate that the legislature did not contemplate the use of the mails as a method for giving notice. A person using the mails has control over the deposit of his communication, but not over the receipt thereof. Modern and accepted ways of communicating would appear to support the view that notice is given upon deposit in the mail of a notice properly addressed to the recipient.

For these reasons, it is the holding of this court that the notice provision of R. C. 2305.11 is satisfied in medical malpractice cases upon deposit of the proper notice in the United States mails within the time provided.

The motion for summary judgment is overruled.

*Motion overruled.*