HUGHES, APPELLANT, *v.* GEORGE F. & MARY A. ROBINSON MEMORIAL PORTAGE COUNTY HOSPITAL ET AL., APPELLEES.

(No. 1367—Decided March 26, 1984.)

*Mr. Joseph A. Mamone* and *Mr. Jeffrey W. Brader,* for appellant.

*Mr. Steven Handlovics,* for appellees Robinson Memorial Hospital and Dr. Yusuf N. Silk.

*Mr. Gary Banas,* for appellee Dr. Kenneth Schulze.

*Mr. Mark D. Frazure,* for appellee Physician's Emergency Services, Inc.

FORD, J. This is an appeal from a decision of the Portage County Common Pleas Court. The court granted motions for judgment on the pleadings made by the defendants-appellees. Plaintiff-appellant, Jack Hughes, seeks reversal of the court's ruling.

On February 11, 1983, the appellant filed a complaint alleging medical malpractice and naming the appellees herein, George F. and Mary A. Robinson Memorial Portage County Hospital, Dr. Kenneth Schulze, Dr. Yusuf N. Silk, and Physician's Emergency Services, Inc., as defendants. The complaint alleged that on "August 21, 1981, the * * * [plaintiff] sought medical treatment from defendants * * * [and] * * * defendants negligently failed to provide timely and appropriate treatment"; that the appellant was forced to seek treatment elsewhere, had his life endangered and endured much pain and suffering; and that:

"5. On August 13, 1982, plaintiff informed defendants that, pursuant to Revised Code § 2305.11(A), he was extending the statute of limitations for 180 days."

Dr. Schulze filed an answer admitting that the appellant had sought treatment on August 21, 1981; denying the appellant's other allegations; and asserting the statute of limitations as a defense.

Physician's Emergency Services filed an answer admitting that the appellant had sought treatment on August 21, 1981, denying all other allegations, and failing to assert the statute of limitations as a defense.

On February 25, 1983, Robinson Memorial Hospital moved for judgment on the pleadings, without having filed an answer. It argued that the statute of limitations had expired, and that the appellant never notified it of his pending claim. The hospital's motion was granted that day.

On March 18, 1983, Dr. Silk also moved for judgment on the pleadings despite the fact that he had never filed an answer. He also raised the argument that the statute of limitations had expired.

On March 30, 1983, Physician's Emergency Services moved for judgment on the pleadings arguing that the statute of limitations had run.

On April 1, 1983, Dr. Schulze like-

wise moved for judgment on the pleadings.

The appellant then filed briefs in opposition to all four of the defendants' motions. Each brief contained a copy of a letter dated August 13, 1982, addressed appropriately to each defendant, which indicated the appellant's intention to extend the statutory time limit applicable for malpractice suits an extra one hundred eighty days as provided in R.C. 2305.11(A). The letters had been mailed by certified mail and copies of the return receipts showed that Dr. Silk had received the letter on August 16, 1982 and that Dr. Schulze and Physician's Emergency Services received the letter on August 17, 1982; the return receipt from Robinson Memorial Hospital was not dated.

On April 28, 1983, the appellant moved to amend his complaint to allege that each defendant had received his August 13, 1982 letter on the respective dates listed on the certified mail return receipts; and also to allege that Robinson Memorial Hospital had received the letter on August 17, 1982.

On June 7, 1983, the court found that the appellant's action was barred by the statute of limitations and granted the defendants' motions for judgment on the pleadings.

The appellant presents two assignments of error:

"1. The trial court erred to the prejudice of plaintiff/appellant in granting the motions of defendants for judgments on the pleadings.

"2. The trial court erred to the prejudice of plaintiff/appellant in failing to grant his motion for leave to file his amended complaint instanter."

The appellant's first assignment of error is not well-taken.

A preliminary question that must be answered here is whether the motions for judgment on the pleadings filed by Robinson Memorial Hospital and Dr. Silk were properly before the trial court for decision. Civ. R. 12(C) provides that:

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

The appellant argues that Robinson Memorial Hospital and Dr. Silk could not file motions for judgment on the pleadings without first filing answers because the pleadings had not been "closed" under Civ. R. 12(C). However, Civ. R. 12(B)(6) motions raising the defense of the statute of limitations are permissible and timely as long as they are filed prior to the filing date of an answer and when the bar of the statute is obvious from the face of the complaint. *Mills* v. *Whitehouse Trucking Co.* (1974), 40 Ohio St. 2d 55 [69 O.O.2d 350]. The reason advanced for this is that where the issue is clear the case will be expedited. This rationale is appropriately stated in *Mills, supra,* at 60:

"* * * The purpose behind the allowance of a Civ. R. 12(B) motion to dismiss based upon the statute of limitations is to avoid the unnecessary delay involved in raising the bar of the statute in a responsive pleading when it is clear on the face of a complaint that the cause of action is barred. The allowance of a Civ. R. 12(B) motion serves merely as a method for expeditiously raising the statute of limitations defense. * * *"

The same logic applied here shows that the trial court did not err. Here, where judgment on the pleadings was sought, the court was bound to consider only the face of the complaint. *Peterson* v. *Teodosio* (1974), 34 Ohio St. 2d 161, 166 [63 O.O.2d 262]; *Conant* v. *Johnson* (1964), 1 Ohio App. 2d 133, 135 [30 O.O.2d 157]. Even if the defendants' failure to answer is considered to be an admission of the allegations contained in the complaint, where, as here, the basis of the motion is a violation of the statute of limitations, the face of the complaint is sufficient to rule on the motion. Hence, to expedite disposition of the case, the court could rule on the motions for judgment on the pleadings of Dr.

Silk and Robinson Memorial Hospital, even though these defendants had not filed answers prior to their motions.

An added question is whether Physician's Emergency Services was estopped from asserting the statute of limitations because it failed to present it in its answer. Former Civ. R. 12(H) provided that:

"A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or if he has made no motion, by responsive pleading * * * except * * * the objection of failure to state a legal defense to a claim, may be made by a later pleading, if one is permitted, by motion for judgment on the pleadings, or at the trial on the merits * * *."

Under this rule, Physician's Emergency Services could still assert the statute of limitations as grounds for a grant of judgment on the pleadings because it is a legal defense to the claim. Moreover, Physician's Emergency Services could have moved to amend its claim to assert the statute of limitations. See *Mills* v. *Whitehouse Trucking Co.*, *supra*. Thus, the court did not err in allowing the assertion of the statute of limitations because it expedited the case by consolidating the motions which had to be filed by Physician's Emergency Services. See *id.*

R.C. 2305.11(A) provides that malpractice suits must be brought within one year of the date that the action accrues. Nevertheless, the statute makes an exception:

"If a written notice, prior to expiration of time contained in this division, is given to any person in a medical claim that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time *within one hundred eighty days after that notice is given.*" (Emphasis added.)

This statute has been interpreted to require that the plaintiff bring his action within one hundred eighty days of notifying a defendant and not merely within one hundred eighty days after expiration of the statute's time limitation. *Glenboski* v. *St. Alexis Hospital* (1979), 65 Ohio App. 2d 165 [19 O.O.3d 122]. The appellant provided notice within the one-year statute of limitations.

The instant case presents the issue of when that notice was "given" under R.C. 2305.11(A). The appellant filed his complaint on February 11, 1983, one hundred eighty-two days after the "mailing" of his August 13, 1982 letter of intention to sue, one hundred seventy-eight or one hundred seventy-nine days after the defendants actually received the letter. If notice is "given" under the statute when the letter was mailed, the appellant's action was barred by the statute of limitations provided in R.C. 2305.11(A); if notice is given only when a defendant actually receives the notice, the decision of the trial court was in error.

The issue is one of first impression in this court and has never been decided by the Supreme Court. *Gingerich* v. *Pokorney* (1977), 50 Ohio Misc. 1 [4 O.O.3d 32], was the first case to interpret the statute and held that notice should be considered "given" when mailed so that a plaintiff's notice would definitely fall within the one-year statute of limitations and that survival of an action would not be based on vagaries of the postal service. Cases adhering to this line of reasoning are *Anderson* v. *Bickmore* (1979), 66 Ohio Misc. 15, 19 [14 O.O.3d 399]; and *Athey* v. *Orthopedic Assoc. of Zanesville* (Dec. 9, 1982), Muskingum App. No. 82-21, unreported. The only comment on this issue agrees and adds the additional rationale that if the legislature had intended to have notice "given" only when actually received they would have used the word "received" in the statute. See Recent Cases, Practice and Procedure — Statute of Limitations — Medical

Malpractice (1981), 10 Cap. U.L. Rev. 909, at 914-915.

Other authority has specifically rejected this conclusion in *Gingerich* v. *Pokorney, supra,* and held that notice is given only when a defendant actually receives the plaintiff's written letter. See *Lambert* v. *Sang Woo Ha* (App. 1979), 16 O.O.3d 91; *Johnson* v. *St. Luke's Hospital* (1981), 2 Ohio App. 3d 427. These courts cite the general rule stated in *Moore* v. *Given* (1884), 39 Ohio St. 661, second paragraph of syllabus, that when a statute requires notice and is silent concerning its form or manner of service, actual service alone will satisfy the statute; and *State, ex rel. Peake,* v. *Bd. of Edn.* (1975), 44 Ohio St. 2d 119, 122 [73 O.O.2d 437], where the court used *Moore* v. *Given* to reject a claim that notice required under R.C. 3319.11 for the dismissal of a teacher was given when mailed.

In policy and statutory construction arguments, the courts following *Gingerich* v. *Pokorney, supra,* probably have the better argument. We agree with these courts and hold that notice is "given" under R.C. 2305.11(A) when a plaintiff mails his letter so that abnormalities and variances in postal delivery will not normally be permitted to extinguish a plaintiff's claim or unnecessarily extend it. Moreover, had the legislature meant to say when notice is "received," it would have used such language. While this rule would in most circumstances favor survival of a claim, the appellant's claim here was barred by the statute of limitations because he failed to bring suit within one hundred eighty days of the time that he mailed his notice. The trial court's judgment on the pleadings was therefore not error.

With respect to appellant's second assignment of error, denial of the appellant's motion to amend was likewise not error under these circumstances. Amendment of the complaint to state the dates of the defendants' actual receipt of the letter would have no bearing on the validity of the appellant's claim. Thus, appellant was not prejudiced by denial of the motion and the decision of the trial court must be affirmed.

For the foregoing reasons, the decision of the trial court is affirmed.

*Judgment affirmed.*

COOK, P.J., and DAHLING, J., concur.