EDENS, APPELLEE, *v.* BARBERTON AREA FAMILY PRACTICE CENTER ET AL., APPELLANTS.

[Cite as Edens *v.* Barberton Area Family Practice Ctr. (1989), 43 Ohio St. 3d 176.]

(No. 88-1081—Submitted April 12, 1989—Decided June 14, 1989.)

*John L. Wolfe,* for appellee.

*Roetzel & Andress* and *Kenneth L. Wittenauer,* for appellants.

ALICE ROBIE RESNICK, J. R.C. 2305.11(B)(1) provides that a medical malpractice claim must be brought within one year after the cause of action accrued. However, if prior to the expiration of the one-year statute of limitations, a claimant gives written notice to a potential defendant that he is considering bringing an action based on the alleged claim, then the claimant has one hundred eighty days after such notice is given to commence his action. R.C. 2305.11(B)(1) reads as follows:

"* * * An action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the action accrued, except that, if prior to the expiration of that one-year period, a claimant who allegedly possesses a medical, dental, optometric, or chiropractic claim *gives* to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon the claim, that action may be commenced against the person *notified* at any time within one hundred eighty days after the notice is so given." (Emphasis added.)

Hence, R.C. 2305.11(B) affords a party the possibility of extending the one-year statute of limitations for a medical, dental, optometric or chiropractic claim. The purpose of this statute is to decrease the likelihood of frivolous medical malpractice claims by allowing parties and their attorneys

additional time to investigate a potential claim which is brought to their attention shortly before the one-year statute of limitations expires. See *Glenboski* v. *St. Alexis Hospital* (1979), 65 Ohio App. 2d 165, 168, 19 O.O. 3d 122, 124, 417 N.E. 2d 108, 111; Recent Cases, Practice and Procedure—Statute of Limitations—Medical Malpractice (1981), 10 Cap. U. L. Rev. 909, 910; Notes, Ohio's Statute of Limitations for Medical Malpractice (1977), 38 Ohio St. L. J. 125, 140-141; Ripps, The Ohio Medical Malpractice Statute: An Analysis (1977), 4 Ohio N.U.L. Rev. 24, 27.

R.C. 2305.11(B) does not toll the one-year statute of limitations by one hundred eighty days. Instead it is an exception to the one-year limitations period by allowing a claimant to bring an action within one hundred eighty days of giving notice pursuant to R.C. 2305.11(B). Once such notice is given, the claimant in most instances will have one hundred eighty days from the notice date to commence the action. If an R.C. 2305.11(B) notice is given one hundred eighty days or more prior to the end of the one-year statute of limitations period, then the claimant has only one year from the accrual date of the cause of action in which to bring the claim. If a one-hundred-eighty-day notice is not given, then, of course, the one-year statute of limitations controls the filing of the complaint. See *Glenboski, supra; Hughes, supra.*

In the instant case, it appears that appellants' treatment of appellee continued through February 18, 1986. Thus, appellee would have had one year from this date in which to commence his action. However, because appellee prior to the expiration of the one-year limitations period gave written notice to appellants that he was considering bringing an action upon his alleged malpractice claim, he had one hundred eighty days from the date he gave written notice in which to commence the action.

The parties to this action disagree as to when appellee actually "gave" notice. Appellants argue that notice is given when it is mailed. Appellee on the other hand contends that notice is given when received. Thus the precise issue before this court is whether notice pursuant to R.C. 2305.11(B) is effective on the date it is mailed or on the date it is received.

R.C. 2305.11(B) has not been uniformly interpreted by the courts of appeals in this state. In *Hughes, supra,* the court held that notice is given under R.C. 2305.11(B) when a plaintiff mails the one-hundred-eighty-day notice. However, the date notice was actually received was deemed to be the effective date in both *Lambert* v. *Sang Woo Ha* (App. 1979), 16 O.O. 3d 91, and *Johnson* v. *St. Lukes's Hospital* (1981), 2 Ohio App. 3d 427, 2 OBR 521, 442 N.E. 2d 768.

There are strong policy reasons behind designating the date of mailing as the effective notice date. If the mail date is chosen, it is a date certain since it would be the date plaintiff mails the notice, and not the receipt date, over which the plaintiff has no control. *Gingerich* v. *Pokorny* (1977), 50 Ohio Misc. 1, 2, 4 O.O. 3d 32, 361 N.E. 2d 1098, 1099. Moreover, by choosing the mail date as the effective date "* * * abnormalities and variances in postal delivery will not normally be permitted to extinguish a plaintiff's claim or unnecessarily extend it." *Hughes, supra,* at 84, 16 OBR at 89, 474 N.E. 2d at 642. It can also be argued that if the General Assembly intended the statute to mean notice is effective on the receipt date, it would have used "receive" instead of "give." See *id.;* 10 Cap. U. L. Rev., *supra,* at 914-915.

However, in R.C. 2305.11(B), the

General Assembly does not prescribe the manner or form of giving notice but instead simply states that a claimant should give written notice. This court has held that "[w]here a statute requires notice of a proceeding, but is silent concerning its form or manner of service, actual notice will alone satisfy such requirement." *Moore* v. *Given* (1884), 39 Ohio St. 661, paragraph two of the syllabus. In *State, ex rel. Peake,* v. *Bd. of Edn.* (1975), 44 Ohio St. 2d 119, 73 O.O. 2d 437, 339 N.E. 2d 249, this court affirmed the holding in *Moore, supra.* In *Peake, supra,* notice by a school board regarding a teacher's non-employment was mailed on April 29, 1974, but was not received by the teacher until May 2, 1974. Pursuant to R.C. 3319.11, notice by a school board not to reemploy a teacher at the expiration of a limited contract must be given on or before April 30 of the school year preceding termination. R.C. 3319.11, like R.C. 2305.11(B), does not provide the manner in which notice is to be given. Accordingly, this court determined, pursuant to the holding in *Moore, supra,* that in such circumstances, actual notice controls: "* * * While R.C. 3319.11 requires written notice, it does not specify the manner or mode in which it must be served. Under this circumstance, Ohio has long followed the rule set forth in the second paragraph of the syllabus in *Moore* v. *Given* * * * [supra]." *Peake, supra,* at 122, 73 O.O. 2d at 438, 339 N.E. 2d at 251. Thus we concluded that the school board's notice was untimely. *Id.*

In *Castellano* v. *Kosydar* (1975), 42 Ohio St. 2d 107, 71 O.O. 2d 77, 326 N.E. 2d 686, we distinguished statutes in which a manner of providing notice is given from those in which such manner is not prescribed. The statute at issue in *Castellano* stated that notice could be served personally or by registered or certified mail. We noted that this statute was different from the type addressed in *Moore, supra,* which does not prescribe the manner of service. Because of this difference, *Moore* was not applicable and we held that although the taxpayers did not actually receive notice of the tax assessment, service was deemed effective when notice was delivered and properly receipted for by an appropriate person.

Several other jurisdictions concur that "* * * in the absence of custom, statute, or express contract, a notice sought to be served by mail is not effective until it comes into the hands of the one sought to be served. *Johnson* v. *Barreiro,* 59 Cal. App. 2d 213, 138 P. 2d 746; *Regan* v. *Atlantic Refining Co.,* 304 Mass. 353, 23 N.E. 2d 869; *George* v. *Adamson,* 184 Okl. 289, 86 P. 2d 980. * * *" *School Dist. No. 6 of Pima Cty.* v. *Barber* (1958), 85 Ariz. 95, 96, 332 P. 2d 496, 497. See, also, *Jewell* v. *Unemployment Comp. Comm.* (1962), 55 Del. 16, 183 A. 2d 585; *County Bd. of School Trustees of Young Cty.* v. *Bullock Common School Dist.* (Tex. Civ. App. 1931), 37 S.W. 2d 829; 58 American Jurisprudence 2d (1971) 507, Notice, Section 27. Cf. *Steele* v. *United States* (S.D. Cal. 1975), 390 F. Supp. 1109.

The ordinary meaning of statutory language is presumed. *State, ex rel. Carson,* v. *Jones* (1970), 24 Ohio St. 2d 70, 53 O.O. 2d 116, 263 N.E. 2d 567. When interpreting such language, the words or terms will "* * * be given their common, ordinary and accepted meaning in the connection in which they are used." *Baker* v. *Powhatan Mining Co.* (1946), 146 Ohio St. 600, 606, 33 O.O. 84, 87, 67 N.E. 2d 714, 718. See, also, *In re Appropriation for Hwy. Purposes* (1969), 18 Ohio St. 2d 214, 47 O.O. 2d 445, 249 N.E. 2d 48, paragraph one of the syllabus. In R.C. 2305.11(B) the General Assembly used

the word "give," which has several meanings, including "to put into the possession of another for his use," "to transfer from one's authority or custody," and "to convey to another." Webster's Ninth New Collegiate Dictionary (1983) 518. "Give" is synonymous with "present, bestow, confer," *id.* at 519, and not with "mail" or "post." See, also, *Wallis* v. *Crook Cty. School Dist.* (1973), 13 Ore. App. 174, 509 P. 2d 44. "* * * [T]he term 'written notice shall be given' carries with it the implication of receipt or delivery. * * *" *Baldwin* v. *Fidelity Phenix Fire Ins. Co.* (C.A. 6, 1958), 260 F. 2d 951, 953. In addition, R.C. 2305.11(B) provides that the action may be commenced "* * * against the person notified * * *." "Notify" is defined as "[t]o give notice to; to inform by word or writing, in person or by message, or by any signs which one understood; to make known." Black's Law Dictionary (5 Ed. 1979) 959. From the use of the words "notify" and "give," it appears that the General Assembly intended that the one-hundred-eighty-day letter would be effective when actually received and not when merely mailed. Thus, we hold that where a statute such as R.C. 2305.11(B) is silent as to how notice is to be effectuated, written notice will be deemed to have been given when received. Therefore, under R.C. 2305.11(B), the one-hundred-eighty-day period commences to run from the date the notice is received and not the date it is mailed.

In the case before us, notice was received by the practice center and Stokes on January 30, 1987. Appellee thus had until July 29, 1987 in which to bring a timely action against these appellants. Notice was received by the hospital on February 2, 1987. Thus, as to this appellant, appellee had until August 1, 1987 in which to commence his action. Appellee's complaint, filed July 29, 1987, was thus timely as to all appellants.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS and H. BROWN, JJ., concur.

WRIGHT, J., dissents.

WRIGHT, J., dissenting. I respectfully dissent. As pointed out in a very objective fashion in the majority opinion, there are strong, and I believe compelling, policy reasons in support of designating the date of mailing as opposed to the date of receipt as the effective notice date in this context. It should be stressed that the law should be, wherever possible, both predictable and evenhanded. If one uses the mailing date, we have a date certain since, of course, it would be that date which would be easily ascertainable and provable in all cases. The result here may be a trap for the unwary plaintiff. The plaintiff has no control over the receipt date, and it is entirely possible and within the vagaries of our postal system and otherwise that the targeted defendant would never receive notice. Support for this view is found in *Gingerich* v. *Pokorny* (1977), 50 Ohio Misc. 1, 2, 4 O.O. 3d 32, 361 N.E. 2d 1098, 1099, and *Hughes* v. *Robinson Memorial Portage Cty. Hospital* (1984), 16 Ohio App. 3d 80, 16 OBR 85, 474 N.E. 2d 638. I find the reasoning in *Hughes* far more persuasive than the opinion below, since the holding that the one-hundred-eighty-day period commences on receipt raises as many questions as it answers.