OPINION
Plaintiff-appellant, Douglas Hatfield, appeals a decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellee, John V. Simpson, M.D., in a medical malpractice action.
In May 1996, Hatfield began treatment with Dr. Simpson for various sinus ailments. On May 20, 1996, Dr. Simpson performed surgery on Hatfield. Apparently, Dr. Simpson continued to treat Hatfield through July 1996.
In May 1997, Hatfield sent two identical notices to Dr. Simpson which stated that Hatfield was considering bringing a legal action against the physician "as a result of the medical care and treatment * * * rendered to [Hatfield] on or about May 20, 1996, through July, 1996." The first notice was hand-delivered and received on May 19, 1997. The second notice was sent by certified mail on May 19, 1997 and received on June 11, 1997.
On November 19, 1997, Hatfield filed a complaint against Dr. Simpson for medical malpractice. The complaint stated in relevant part that:
 4. On or about May 16, 1996, [Hatfield] began to treat with Dr. Simpson * * *.
 5. On or about May 20, 1996, Dr. Simpson performed a surgical operation on [Hatfield] * * *.
 6. Dr. Simpson failed to exercise that degree of care and skill required of him as a physician in performing the operation, and [Hatfield] was injured as a direct and proximate result thereof.
 The complaint did not refer, implicitly or expressly, to any follow-up treatments. Nor did it refer to July 1996. By way of answer, Dr. Simpson raised the statute of limitations as an affirmative defense. Dr. Simpson subsequently filed a motion for summary judgment on the ground that the applicable statute of limitations barred Hatfield's medical malpractice action. Dr. Simpson argued that Hatfield's complaint was filed neither within the applicable one-year statute of limitations nor within the one-hundred-eighty-day period after the notices were given. The trial court agreed and by entry filed August 26, 1999, granted Dr. Simpson's motion for summary judgment.
Hatfield now appeals and as his sole assignment of error claims that the trial court erred by granting summary judgment in favor of Dr. Simpson. Hatfield contends that summary judgment was inappropriate because it was premised upon the trial court's erroneous finding that the cause of action accrued on the day of the surgery, May 20, 1996. Hatfield contends a genuine issue of fact exists as to when the cause of action arose.
Under Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
A party seeking summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claims.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the moving party has satisfied its initial burden, the nonmoving party then has the reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Id.; Civ.R. 56(E). This court reviews a trial court's decision to grant summary judgment de novo. Jones v. Shelly Co. (1995),106 Ohio App.3d 440, 445.
It is well-established that a medical malpractice cause of action accrues, and the applicable statute of limitations begins to run (1) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (2) when the physician-patient relationship for that condition terminates, whichever is later. Frysinger v. Leech (1987), 32 Ohio St.3d 38, paragraph one of the syllabus.
In the case at bar, the trial court stated that "[i]t is not disputed that the alleged malpractice accrued on May 20, 1996 [the day of the surgery]." Hatfield questions how "the trial court came to this mistaken impression[,]" when Hatfield "made no such concession." Rather, Hatfield contends that "the only evidence on the question suggests a later-accrued date based on the later termination of the doctor-patient relationship." Hatfield also contends that summary judgment was inappropriate where Dr. Simpson "failed to point to any evidence whatsoever in its moving papers as to either the accrual date or the date on which the one year statute of limitations expired." Dr. Simpson, in turn, contends that Hatfield cannot now, "by mere assertion, raise a question as to an undefined date on which the doctor/patient relationship terminated."
It is clear from the record that neither party raised or addressed the issue of when the cause of action arose. Hatfield's complaint mentions only two dates, the day he started treatment with Dr. Simpson, and the day of the surgery. There is no reference, implicit or otherwise, to any follow-up treatment or to July 1996. Nor is there a statement as to when the cause of action accrued. Similarly, in their arguments for or against summary judgment, the parties did not raise the issue of the accrual date of Hatfield's claim.
Indeed, a review of Dr. Simpson's summary judgment pleadings clearly indicates that his analysis of whether Hatfield's medical malpractice claim was barred by the statute of limitations was implicitly and necessarily based upon May 20, 1996 as the date the cause of action arose, and thus as the day the statute of limitations started to run. A review of Hatfield's summary judgment pleadings, on the other hand, shows that his analysis was based upon an accrual date other than May 20, 1996. However, nowhere in his pleadings does Hatfield specify or argue what the accrual date was or should be. Instead, Hatfield merely contends that any complaint filed within one hundred eighty days of a notice is timely filed. As it will be discussed later, this analysis is flawed.
Given the glaring absence in Hatfield's complaint and summary judgment pleadings of any reference, even remote, suggesting or indicating an accrual date, we find that Hatfield has failed to set forth specific facts showing there is a genuine issue of fact as to when the cause of action arose. Thus, the trial court had no choice and was correct when it stated that "it [was] not disputed that the alleged malpractice accrued on [the day of the surgery]."
Having found that the trial court properly determined the day of surgery to be the accrual date for Hatfield's medical malpractice claim, we further find that such claim was barred by the applicable statute of limitations.
R.C. 2305.11(B) provides that:
 [A]n action upon a medical * * * claim shall be commenced within one year after the cause of action accrues, except that, if prior to the expiration of that one-year period, a claimant who allegedly possesses a medical * * * claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is given.
 Thus, pursuant to R.C. 2305.11(B), an action for medical malpractice must be commenced within one year after the cause of action accrues. However, if the claimant, within one year of accrual, provides the person subject to a potential claim with notice that an action may be forthcoming, the claimant may file that claim at any time within one hundred eighty days of that notice. Nothing in R.C. 2305.11(B) "precludes a claimant from giving more than one such notice, provided however, that all such notices be given prior to the expiration of the original one-year period of the statute of limitations." Marshall v. Ortega (Oct. 8, 1998), Cuyahoga App. No. 72096, 1998 Ohio App. LEXIS 4803, at *10, unreported. "[W]ritten notice [is] deemed to have been given when received. Therefore, under R.C. 2305.11(B), the one-hundred-eighty-day period commences to run from the date the notice is received and not the date it is mailed." Edens v. Barberton Area Family Practice Ctr. (1989), 43 Ohio St.3d 176, syllabus.
In the case at bar, the one-year statute of limitations started to run on May 20, 1996. The complaint, which was filed on November 19, 1997, was clearly untimely. However, Hatfield sent two notices to Dr. Simpson. The first notice was received on May 19, 1997, prior to the expiration of the original one-year statute of limitations. To be timely filed, Hatfield's complaint should have been filed within one hundred eighty days of that notice, or by November 15, 1997. Unfortunately, Hatfield's complaint was filed four days past the extended time limit. The second notice was received on June 11, 1997, and thus, was not given within the original one-year statute of limitations. R.C. 2305.11(B). As a result, that notice was untimely received and is not effective in extending the time limit within which to file a medical malpractice claim.
In light of all of the foregoing, we find that the trial court properly granted summary judgment in favor of Dr. Simpson. Hatfield's sole assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.