DECISION AND JUDGMENT ENTRY
This medical malpractice appeal comes to us from a summary judgment issued by the Fulton County Court of Common Pleas in favor of an emergency room physician and the agency responsible for his employment placement. Because we conclude that the emergency room physician failed to establish a date for a "cognizable event," we reverse the judgment received in his favor.
On September 29, 1995, an individual struck a single blow to the face of appellant, Joseph A. Reaume. The next day, when appellant experienced extreme pain and swelling in his right eye, he went to the emergency room at the Fulton County Health Center. There, he was treated by appellee Dr. Jose Mendoza. While Mendoza's course of treatment and post-treatment instructions are in dispute, they are not germane to this appeal.
On October 1, 1995, appellant sought care at the Medical College of Ohio Hospital ("MCH") in Toledo. According to appellant, he was totally blind in the affected eye when he arrived at MCH. Doctors admitted him and over the next two weeks operated in an unavailing attempt to restore the vision in his right eye. Appellant was released from MCH on October 13, 1995.
On September 23, 1996, appellant's counsel mailed "180 day" letters to appellee Mendoza and the organization responsible for his employment placement, appellee National Emergency Services, Inc. ("NES"). The letters to appellee Mendoza were sent in care of the Fulton County Health Center and NES. Identical letters to each location were posted by both certified and ordinary mail. At the same time, appellant's counsel sent "180 day" letters to NES on the basis of respondeat superior liability.
The certified letters to appellee Mendoza were returned unclaimed. Dr. Mendoza worked only occasionally at the Fulton County Health Center. As a result, workers taped the unopened "180 day" letter which was mailed to him via ordinary mail to an interior window. Appellee Mendoza later testified that he found the letter on October 26, 1996. Dr. Mendoza testified that he never received the letter addressed to him in care of NES.
On September 27, 1996, NES's risk manager sent Dr. Mendoza a letter advising him that NES had received notice of appellant's claim. In his subsequent deposition, appellee Mendoza testified that he did not remember when, or if, he received this letter from NES.
Appellant initiated the lawsuit which underlies this appeal on January 17, 1997. Named as defendants were appellees Mendoza, and NES, as well as the Fulton County Health Center and a second treating physician. This appeal is interlocutory, pursuant to Civ.R. 54(B), and involves only appellees Mendoza and NES.
At trial, appellee Mendoza moved for summary judgment on the ground that appellant's suit was untimely under the statute of limitations for medical claims, R.C. 2305.11. Appellee NES moved for summary judgment on grounds that any liability it might have was vicarious, pendent on the claim against appellee Mendoza. Alternatively, NES argued that no employment relationship existed between it and Dr. Mendoza. Therefore, NES could not be held vicariously liable for the doctor's negligence.
The trial court granted both of appellees' summary judgment motions and found there was no just cause for delay, pursuant to Civ.R. 54(B). Appellant now appeals this judgment, setting forth the following three assignments of error:
 "1. The trial court erred in granting a motion for summary judgment for defendant-appellee Jose Mendoza, M.D.
 "2. The trial court erred in denying plaintiff-appellant's motion to extend the discovery deadline and motion hearing.
 "3. The trial court erred in granting a motion for summary judgment for defendant-appellee National Emergency Services, Inc. (NES)."
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated
 "* * *(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C).
When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler (1988),38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc.(1999),135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
 I.
We will initially discuss appellant's second and third assignments of error. In his second assignment of error, appellant contends that the trial court erred when it refused to extend its discovery deadline beyond the previously ordered December 20, 2000 date.
Trial courts have broad discretion in regulating the discovery process. State ex. rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55,58. Consequently, a court's ruling concerning discovery cannot be reversed absent an abuse of discretion. Id. An abuse of discretion is more than an error of law or of judgment, the term implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v.Matthews (1990), 53 Ohio St.3d 161, 168-169.
This lawsuit, in one form or another, has been in the system since January 1996. We do not find it unreasonable for the trial court to insist that its discovery timetable be adhered to. Accordingly, appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant complains that the trial court should not have granted summary judgment in favor of appellee NES without a hearing. Such a hearing, appellant insists, would have permitted him to "further develop arguments contained" in his brief.
The trial court's stated reason for granting summary judgment to NES was that the "motion * * * is not opposed." Indeed, the record contains no brief specifically challenging the assertions contained in the NES motion. Even were we to deem appellant's answer to appellee Mendoza's summary judgment motion as responding to part of NES's motion, there remains unanswered NES's alternative argument that it was not an employer of Dr. Mendoza. Absent a response to this assertion, we cannot say that appellant met his burden pursuant to Civ.R. 56(E). In such a circumstance, the trial court was correct in issuing summary judgment in favor of NES. Accordingly, appellant's third assignment of error is not well-taken.
 II.
Appellant's remaining assignment of error concerns the application of R.C. 2305.11.
R.C. 2305.11(B) bars any action on a medical claim brought more than one year after the cause of action accrued. However,
 "* * * if prior to the expiration of that one-year period, a claimant who allegedly possesses a medical, * * * claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given." R.C. 2305.11(B)(1)[1]
This is the "180 day" letter at issue here. If appellant's notice to Dr. Mendoza was effective, the one-year statute of limitation for medical claims would extend one hundred eighty days. This suit would then have been timely brought.
The issue contains two subparts: 1) When did Dr. Mendoza receive the one hundred eighty day notice, and 2) When did this cause of action accrue?
The notice required by R.C. 2305.11(B) to extend the time within which to bring suit is effective when the notice is received. Edens v.Barberton Area Family Practice Ctr. (1989), 43 Ohio St.3d 176, syllabus. Appellee Mendoza asserts that he received appellant's one hundred eighty day letter when he discovered it taped to the wall at the Fulton County Health Center. This occurred on October 26, 1996, according to Dr. Mendoza's deposition testimony.
However, appellant points out that in an undisputed letter from the NES risk manager dated September 27, 1996, Mendoza was advised of a possible pending lawsuit. In his deposition testimony, the risk manager stated that in the normal course of business, the letter would have been mailed on the day it was dated or the next business day. Since September 27, 1996, was a Friday, the letter would have been mailed that day or the following Monday, September 30. According to appellant, allowing three days for mail delivery, appellee Mendoza would have received this notice no later than October 3, 1996. Since, in his deposition testimony, Dr. Mendoza did not deny receiving such a letter, that should be deemed the date he received his "180 day" notice, according to appellant.
R.C. 2305.11(B) imposes no particular method by which a "180 day" notice must reach a potential defendant. The letter from the NES risk manager contained the statutorily required information sufficient to put Dr. Mendoza on notice of appellant's potential claim. Consequently, we are satisfied that, although indirect, the risk manager's letter is sufficient to satisfy the statute.
We are not so satisfied of the timing of this letter. Although Dr. Mendoza did not deny the receipt of this letter, he testified that he could not recall when, or if, he received the letter. Moreover, there is no presumption at law that a letter delivered into the hands of the U.S. Postal Service takes three days to reach its destination. Civ.R. 6(E) in certain circumstances provides an extra three days to respond to a notice received by mail, but this does not equate to a presumption that three days is the time it takes mail to get from one place to another. Neither do we find any Ohio authority for such a presumption. When courts have made such a specific finding, it was only on competent testimony that such was the fact. See, e.g., Cannell v. Bulicek (1983),8 Ohio App.3d 331, 334. Absent some evidence of this purported fact, it would be arbitrary for us to set October 3 as the date Dr. Mendoza received or should have received the NES letter. Indeed, to set any receipt date based on the mailing of the NES letter would be purely speculative.
What remains is the only date for which there is actual evidence that Dr. Mendoza received the "180 day" notice letter — October 26, 1996. If appellant's cause of action against Dr. Mendoza accrued more than a year prior to that date, the "180 day" letter was ineffective and summary judgment must be affirmed.
Under Ohio law, a cause of action on a medical claim accrues upon the later of the termination of the physician-patient relationship or when the patient discovers or should have discovered the injury resulting from his or her treatment. Frysinger v. Leech (1987), 32 Ohio St.3d 38, paragraph one of the syllabus. Since it is undisputed that appellant was seen by Dr. Mendoza only once, we focus of the second part of this test.
 "In a medical malpractice action, for the purposes of determining the accrual date in applying the statute of limitations under R.C. 2305.11(A), the trial court must look to the facts of the particular case and make the following determinations: when the injured party became aware, or should have become aware, of the extent and seriousness of his condition; whether the injured party was aware, or should have been aware, that such condition was related to a specific professional medical service previously rendered him; and whether such condition would put a reasonable person on notice of need for further inquiry as to the cause of such condition." Hershberger v. Akron (1987), 34 Ohio St.3d 1, paragraph one of the syllabus.
Some time later, the court elaborated on this test.
 "The `extent and seriousness of his condition' language of the test set forth in Hershberger v. Akron City Hosp.[supra] requires that there be an occurrence of a `cognizable event' which does or should lead the patient to believe that the condition of which the patient complains is related to a medical procedure, treatment or diagnosis previously rendered to the patient and where the cognizable event does or should place the patient on notice of the need to pursue his possible remedies." Allenius v. Thomas (1989), 42 Ohio St.3d 131, syllabus.
Appellee Mendoza insists (and the trial court apparently concluded) that appellant's "cognizable event" occurred on October 1, 1995, when he discovered he was blind in his right eye. In the trial court and here, appellee Mendoza cites several cases in which it has been held that the discovery of an injury or an illness constituted a "cognizable event."[2]
These cases, however, are readily distinguishable, because each concerns injuries which were clearly and unambiguously the result of some physician's error. Such was not the case with appellant.
To be a "cognizable event", something must happen that leads or should lead a patient to believe that his condition is related to prior medical treatment. In this instance, appellant believed that his symptoms, including blindness, were the result of trauma inflicted by the blow of another man. We cannot say as a matter of law that this belief was unreasonable. Consequently, the onset of blindness in appellant's right eye, absent more, was not the "cognizable event", necessary to start the statute of limitations.
Having determined that the onset of blindness was not a "cognizable event", we have searched the record for evidence of when appellant discovered or should have discovered that his blindness was related to his treatment by Dr. Mendoza. We find none.
Absent any specific date upon which the statute of limitations began to run, we cannot say appellant's "180 day" letter, whether it was received on October 3 or October 26, 1996, was outside the one-year statute. Consequently, appellee was not entitled to judgment as a matter of law. Accordingly, appellant's first assignment of error is well-taken.
On consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed with respect to appellee NES and reversed with respect to appellee Mendoza. This matter is remanded to said court for further proceedings consistent with this decision. Costs to be divided between appellee Mendoza and appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _____________________________ James R. Sherck, J.
 Peter M. Handwork, J., Melvin L. Resnick, J., JUDGE CONCUR.
[1] The portion of the statute quoted is from its language as it existed prior to 1996. Am.Sub.H.B. No. 350 (the tort reform act) which was set aside by State ex rel. Ohio Academy of Trial Lawyers v. Sheward
(1999), 86 Ohio St.3d 451. H.B. 350 would have had no effect on this case, in any event, because this case accrued prior to its enactment.
[2] Allenius v. Thomas, supra, (When second opinion disclosed earlier negative finding of cervical cancer was erroneous); Flowers v. Walker
(1992), 63 Ohio St.3d 546 (again, second opinion reversed prior negative finding for breast cancer erroneous); and Grandillo v. Montesclaros
(2000), 137 Ohio App.3d 691 (plaintiff discovered surgeon removed her navel during hernia surgery).