DECISION AND JUDGMENT ENTRY
{¶ 1} Michael McKay appeals from an order denying his motion to find Rebekah Lawhorn in contempt for failure to provide court ordered visitation with his daughter. He assigns the following error:
 {¶ 2} THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT DID NOT PROVIDE THIRTY DAYS ADVANCE WRITTEN NOTICE OF VISITATION.
 {¶ 3} In July 2000, as part of a parentage action involving McKay and Lawhorn, the Juvenile Division of the Highland County Common Pleas Court issued an entry granting McKay visitation rights with his daughter, Amber. The court's order provided that McKay "shall provide [Lawhorn] at least thirty (30) days advance written notice of all visitations."
 {¶ 4} On May 22, 2001, McKay sent notice by both certified mail and ordinary mail to Lawhorn of his intent to visit Amber. McKay's notice provided that he would begin an overnight visit with Amber on June 23, 2001, and his two-week summer visitation on June 24, 2001. Lawhorn apparently did not receive the ordinary mail notice until May 30, 2001, and the certified mail notice until June 1, 2001, after returning home from an out of town trip for the Memorial Day holiday.
 {¶ 5} After Lawhorn received these notices she asked the court to deny visitation because McKay did not give her thirty days actual notice of his intent to visit Amber. McKay then sought to compel visitation. The court set a hearing for June 23, 2001, but continued the case until July 10, 2001, because of a conflict with Lawhorn's religious beliefs. During this time, Lawhorn refused to allow McKay's visitation with Amber. On July 10, 2001, the court dismissed the matter as moot.
 {¶ 6} Instead of appealing that decision, McKay moved to hold Lawhorn in contempt because she did not allow his visitation with Amber. In addition to testifying about the mailed notices, McKay also contended that he faxed the notice to Lawhorn on May 22, 2001. McKay provided two confirmation reports, one listed a five page fax to Lawhorn's fax number and the other listed a one page fax to her number. The confirmation report for the five page fax stated that it was received. But the confirmation report for the one page fax stated that "there was a failure in transmission." At the hearing, Lawhorn acknowledged that she turned off the fax machine sometime during the week of May 21. McKay was unable to say with certainty what the five page transmission included as it did not appear to correspond to the one page notice that he mailed. The court found that there was "no credible evidence [that Lawhorn] ever received
said notice by fax." [Emphasis added.] In spite of the fact that the court found that McKay mailed his notice on May 22, 2001, the court ruled that because McKay did not give Lawhorn thirty days actual notice, it could not find her in contempt. This appeal followed.
 {¶ 7} Without expressly stating what our standard of review is, McKay simply contends that the trial court erred in finding that his attempts at notice did not comply with the court's previous order. His argument suggests that we should apply a de novo standard. Usually, contempt cases are decided on appeal under an abuse of discretion standard. Marden v. Marden (1996), 108 Ohio App. 568, 570, 671 N.E.2d 331. However, even in that context, we review a purely legal question on a de novo basis. VFW Post 8586 v. Ohio Liquor Control Comm., 83 Ohio St.3d 79,1998-Ohio-181, 697 N.E.2d 655; Bartley v. State of Ohio, Dept. ofCommerce, Div. of State Fire Marshall (July 9, 2002), Pike App. No. 02CA686.
 {¶ 8} In his assignment of error, McKay argues that the trial court erred when it decided that Lawhorn was entitled to thirty days actual notice of McKay's planned visitation. The court's order stated that McKay "must provide at least thirty (30) days advance written notice of all visitations." McKay argues that to comply with the court order, he only had to mail or fax his notice to Lawhorn at least thirty days before his visitation was to begin. However, the trial court ruled that the notice was not effective until it was received. After rejecting the argument that Civ.R. 5 had any relevance to its inquiry, the court based its decision on dictionary definitions of "provide" and "advance."
 {¶ 9} Civ.R. 5 governs "Service and Filings of Pleadings and Other Papers Subsequent to the Original Complaint." Division (B) provides that"[s]ervice by mail is complete upon mailing. Service by facsimiletransmission is complete upon transmission." (Emphasis supplied.) The trial court did not err in deciding that Civ.R. 5 applies in the context of pending adversarial court proceedings, but not in "extrajudicial" visitation matters. Normally, visitation is conducted without the direct participation of the court. It is only after the process breaks down that court proceedings become directly involved.
 {¶ 10} The court may not have erred in deciding that Civ.R. 5, when read alone, did not apply. But the court did err by failing to apply Juv.R. 20 in conjunction with Civ.R. 5. Juv.R. 20 governs "Service and Filing of Papers When Required Subsequent to Filing of Complaint." Division (A) states that "Written notices, * * * and similar papers shall be served upon each of the parties." Division (B) states that whenever service is required or permitted under the rules "or by an order of thecourt," the service shall be upon the attorney of a party represented by counsel unless the court orders service upon the party, and, as stated above, that service shall be made as provided in Civ.R. 5(B). (Emphasis supplied.) That is precisely the situation here. The court ordered McKay to give Lawhorn thirty days written notice of his intent to visit Amber. Therefore, Juv.R. 20(B) applies to McKay's service of the notice to Lawhorn. The court erred because it misapplied the law by turning to dictionary definitions when Juv.R. 20(B) and Civ.R. 5(B) provided the applicable rule of law. Therefore, the court's reliance on the dictionary definitions instead of Juv.R. 20(B) and Civ.R. 5(B) is "clearly wrong."
 {¶ 11} While dismissing the applicability and relevance of Civ.R. 5, the court stated that even if Civ.R. 5 applied McKay did not attach proof of service as required by Civ.R. 5(D). Civ.R. 5(D) provides that "[p]apers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed." Juv.R. 20(C) makes the same provision. But proof of service is only required when the papers must be filed with the court. Here, the court's original order did not require McKay to file his notice of intent to visit Amber with the court. Therefore, proof of service is not required.
 {¶ 12} In addition to the court rules, there are also strong policy reasons for this result. The mail date supplies an easily verifiable date certain. Moreover, the mail date will not be affected by "abnormalities and variances in postal delivery." Edens v. Barberton AreaFamily Practice Center (1989), 43 Ohio St.3d 176, 178, 539 N.E.2d 1124. But perhaps most importantly, using the mail date makes it difficult, if not impossible for the party receiving notice to avoid or evade service of
 {¶ 13} the notice. See Midland Steel Products Co. v. U.A.W. Local486 (1991), 61 Ohio St.3d 121, 133, 573 N.E.2d 98 (Wright, J. concurring). This is especially true in cases involving visitation orders because court-ordered visitations can create a stressful and confrontational time due to the hard feelings and mistrust that are often involved. If actual notice were required in cases like this it could lead the custodial parent to avoid or evade service of the visiting parent's notice of intent to visit. This could result in making visitation impossible.
 {¶ 14} The purpose of the notice requirement is to allow the custodial parent to arrange her schedule and plans with the child. It is not designed to discourage visitation with the noncustodial parent. An interpretation of the decree that promotes abuse of the right of visitation that exists between the noncustodial parent and the child is unreasonable. Juv.R. 20(B), by referencing Civ.R. 5(B), explicitly states that service by mail is complete upon mailing. The court's failure to mention and apply Juv.R. 20(B) was clearly legal error.
 {¶ 15} Since the court found that McKay mailed his notice by certified mail on May 22, 2001, McKay gave Lawhorn more than thirty days written notice of his intent to visit Amber. Accordingly, we reverse and remand for further proceedings on the appellant's motion for contempt.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment and Opinion.