DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas which dismissed appellants Samuel J. and Donna Fulton's claims for medical malpractice and loss of consortium against appellees Michael W. Murray, M.D., and Timothy J. Thomas, M.D. From that judgment, appellants raise a single assignment of error:
 {¶ 2} "The trial court erred to the prejudice of plaintiffs-appellants by granting summary judgment to defendants-appellees and granting their motion to dismiss."
 {¶ 3} The relevant facts of this case are as follows. On April 5, 1998, Samuel Fulton went to the emergency room at Fisher-Titus Medical Center in Norwalk, Ohio. His nose was bleeding and he was spitting up blood. Dr. Murray diagnosed bronchitis, prescribed medication and discharged him. Over the next approximately two years, Fulton presented himself to the emergency room at Fisher-Titus four times, complaining of, at various times, nose bleeds, chronic nasal congestion, vomiting, headaches, and earaches. At each of these visits, he saw either Dr. Murray or Dr. Thomas. At the final visit, on February 17, 2000, Fulton complained that the left side of his face was numb and that he had had an earache for five days. On February 18, 2000, an MRI scan was performed on Fulton's head which revealed a probable squamous cell carcinoma of the nasopharynx.
 {¶ 4} On February 15, 2001, appellants sent "180-day letters" to appellees, care of Fisher-Titus Medical Center, by certified mail and facsimile. The certified mail receipts state that the letters were accepted by Evelyn Bilger on February 16, 2001. On August 15, 2001, appellants filed an action in the Cuyahoga County Court of Common Pleas against appellees and Summit Healthcare asserting claims for medical negligence and loss of consortium. On the face of that complaint, Thomas and Murray's addresses are listed as c/o Titus-Fisher Medical Center.
 {¶ 5} On December 3, 2002, appellants filed a notice of voluntary dismissal of the Cuyahoga County case pursuant to Civ.R. 41(A)(1), retaining the right to refile the action within one year of the dismissal. Thereafter, on April 1, 2003, appellants refiled the medical negligence and loss of consortium claims against Murray and Thomas in the Erie County Court of Common Pleas. It is noteworthy that in this complaint, Dr. Thomas' address is listed as c/o Fisher-Titus Medical Center. Dr. Murray's address is listed elsewhere. Again, Evelyn Bilger signed the certified mail receipt with regard to service of the summons and complaint on Dr. Thomas at Fisher-Titus.
 {¶ 6} On May 8, 2003, appellees filed a motion to dismiss the complaint. Appellees asserted that appellants' cause of action accrued in April of 1998, that appellants did not extend the one-year statute of limitations as provided for in R.C. 2305.11, and that, therefore, appellants could prove no set of facts entitling them to relief. Appellants filed a brief in opposition in which they filed supporting evidence and requested that the court convert the motion to dismiss to a motion for summary judgment. Appellants argued that although Samuel first visited the emergency room at Fisher-Titus on April 5, 1998, his cause of action on his medical claim did not accrue until February 18, 2000, when he was diagnosed with likely squamous cell carcinoma. Appellants then asserted that within one year of that date, they extended the statute of limitations by forwarding the appropriate 180-day letters to Murray and Thomas, which were received on February 16, 2001, as evidenced by the certified mail receipts. Having first filed their complaint on August 15, 2001, voluntarily dismissing it on December 2, 2002, then refiling the action on April 1, 2003, appellants asserted that they had filed their action pursuant to the statutory filing requirements.
 {¶ 7} Appellees filed a reply in which they asserted that appellants had failed to establish that appellees actually received the 180-day letters. Rather, they claimed, the certified mail receipts indicate that someone named Evelyn Bilger signed for the letters. Thomas and Murray supported their motion with their own affidavits in which they each stated that they had no recollection of receiving the 180-day letters. They also asserted that they are employed by Norwalk Emergency Medical Services and that in that employment they provide emergency medical services at Fisher-Titus. They also submitted their work schedules for February 2001, and attested to the following. Dr. Thomas did not work at Fisher-Titus after 9:00 a.m. on February 16, 2001, and did not work at all on February 17, 18, 19 or 20, 2001. Dr. Murray did not work on February 16, 2001, although he did work on February 17 and 18, 2001. In addition to having no recollection of receiving the letters, both appellees stated that they had no regular contact with the administrative offices of Fisher-Titus.
 {¶ 8} On March 7, 2005, the lower court filed a judgment entry granting appellees' motion to dismiss. Subsequently, the court filed a judgment entry finding that there was no just reason for delay.[1] Appellants now appeal the trial court's dismissal of their claims against Drs. Murray and Thomas.
 {¶ 9} Although the trial court granted appellees' motion to dismiss, it is clear that the court treated the motion as a motion for summary judgment. We will therefore review this case pursuant to the following standard. Appellate review of a trial court's grant of summary judgment is de novo. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Brownv. Scioto Cty. Bd. Of Commrs. (1993), 87 Ohio App.3d 704, 711. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt (1996),75 Ohio St.3d 280, 294. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).
 {¶ 10} This case requires us to determine whether appellants' case was filed within the applicable statute of limitations. At the relevant times during the proceedings below, the statute of limitations for medical malpractice actions was set forth at R.C.2305.11.[2] That statute barred any action on a medical claim brought more than one year after the cause of action accrued. If, however, "prior to the expiration of that one-year period, a claimant who allegedly possesses a medical * * * claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given." Former R.C. 2305.11(B)(1). It is undisputed that appellants' causes of action arose on February 18, 2000, the day they learned of Samuel's likely carcinoma. As such, the statute of limitations for any claim arising from Samuel's medical treatment expired on February 18, 2001, unless it was extended by a proper 180-day notice.
 {¶ 11} Former R.C. 2305.11(B) imposes no particular method by which a 180-day notice must reach a potential defendant. Appellants assert that they complied with the statute because they sent the notice to appellees by certified mail within the statutorily prescribed time period and, therefore, they complied with the statute and extended the limitations period. The Supreme Court of Ohio, however, has expressly addressed the issue before us and has held: "Where a statute such as R.C. 2305.11(B) is silent as to how notice is to be effectuated, written notice will be deemed to have been given when received. Therefore, under R.C.2305.11(B), the one-hundred-eighty-day period commences to run from the date the notice is received and not the date it is mailed." Edens v. Barberton Area Family Practice Ctr. (1989),43 Ohio St.3d 176, syllabus. In Edens, the court looked to the statute's use of the terms "give" and "notified" and concluded that R.C. 2305.11(B) demands actual receipt of the 180-day letter by the intended recipient. Id. at 180.
 {¶ 12} Appellees assert that because they have no recollection of actually receiving the 180-day letters addressed to them in care of Fisher-Titus, and because the return receipts for the certified mail reveal that Evelyn Bilger signed for the letters on February 16, 2001, appellants did not comply with the statute and the case was not filed within the applicable statute of limitations.
 {¶ 13} Clearly, had appellees signed for the certified mail, then there would be evidence that they received the letters, despite any lapses in memory. Evelyn Bilger, however, signed the certified mail receipts. Bilger also signed the certified mail receipt for Dr. Thomas when he was served with a copy of the summons and complaint in care of Fisher-Titus, and in the case consolidated with the one before us (Fulton v. FirelandsCommunity Hospital, Erie County Common Pleas Case No. 2000-CV-141), Bilger signed the certified mail receipt when Fisher-Titus was served with the summons and complaint. This certainly raises the issue of who is Bilger and what is her relationship to appellees and Fisher-Titus. Neither party submitted any evidence on this issue. Nevertheless, it is not a genuine issue of material fact. This court and others have held that where actual receipt of a notice is required, receipt by the intended recipient's agent will not suffice. State v. Durbin
(1992), 83 Ohio App.3d 156, 162, citing Edens (where statute proscribing the offense of passing bad checks requires that the offender receive notice of the check's dishonor, offender must actually receive the notice; receipt by the offender's employee does not satisfy the notice requirement); Jones v. St. AnthonyMed. Ctr. (Feb. 20, 1996), 10th Dist. No. 95APE08-1014 (proof that a hospital employee actually received the 180-day letter and may have forwarded it to doctor is insufficient to create a genuine issue of material fact concerning the doctor's actual receipt of the notice). Appellants have not asserted why Edens
and its progeny do not apply to this case. They simply argue that they complied with the statute by mailing the notice within the statutory time period to appellees' place of employment. Assuming arguendo that Fisher-Titus was appellees' place of employment, former R.C. 2305.11(B), as interpreted by the Supreme Court of Ohio, demands that the intended recipient actually receive the 180-day notice prior to the expiration of the one-year statute of limitations period.
 {¶ 14} Accordingly, because appellees submitted evidence that they did not actually receive the 180-day notices and because appellants failed to counter that with evidence that appellees did actually receive the 180-day notices before the expiration of the one-year statute of limitations, reasonable minds could only conclude that appellants failed to file their complaint within the statute of limitations for medical malpractice actions and the lower court did not err in granting appellees' motion for summary judgment.
 {¶ 15} The sole assignment of error is not well-taken.
 {¶ 16} On consideration whereof, the court finds that substantial justice has been done the parties complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Skow, J. Parish, J. concur.
[1] This case has been consolidated with another case filed by appellants against Firelands Community Hospital, Fisher-Titus Medical Center and others. Accordingly, the lower court's dismissal of the claims against Murray and Thomas did not dispose of all of the pending claims.
[2] The statute of limitations for medical malpractice actions is now set forth at R.C. 2305.113.