## KISER v. MOTION PICTURE MACHINE OPERATORS, etc.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3067.  Decided Sept. 26, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

384. DEMURRER—To answer, sustained against petition, on ground that demurrer searches entire record, and petition did not state cause of action.

288. CONSPIRACY—923. Pleadings—In petition charging conspiracy, facts, constituting conspiracy and connecting defendants therewith, must be alleged. Mere allegations that they conspired and confederated together, not sufficient.

Error to Common Pleas.
Petition dismissed.

Raymond Ratliff and Charles Rodner, Cincinnati, for Kiser.

Pogue, Hoffheimer & Pogue, Cincinnati, for motion Pictures Operators, etc.

FULL TEXT.

Editor's Note: The following opinion is published in full for the reason that it seems to present the rather unusual proposition of a pleader's demurrer, to an answer, being sustained against his own petition.

HAMILTON, PJ.

This case was heard below on the demurrer to the third defense in the answer. The demurrer was on the ground that the third defense did not state a defense to the action. Under the rule, a demurrer searches the record. We, therefore, examine the petition.

The action, as presented by the petition, was an action at law to recover damages brought by a member of a local union affiliating with the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators.

In substance, the petition alleges that plaintiff was a member in good standing with the

motion picture machine operators local of the City of Huntington, West Virginia; that he is a resident of the City of Cincinnati at present, in which City there is an Affiliated Motion Picture Machine Operators Union, Local No. 165.

The petition here sets up that under certain sections of the Constitution and by-laws, the petitioner is entitled to a position in the jurisdiction of Local No. 165, defendant herein.

The petition then alleges that certain officers of Local No. 165 were changed by election, so that the control and designation of members to labor and work and those of affiliated locals within the jurisdiction became and were in the hands of other officers; and alleges that the defendant's individual officers and the Local No. 165 "conspired and confederated together to deprive the plaintiff of employment and the advantages of membership in his said Local No. 369 of Huntington as resident of an affiliated Local in the territory of the jurisdiction of defendant; that by said acts of conspiracy and confederation, the plaintiff is now, and has been deprived of employment, and that it is impossible for him to secure or hold a position as a motion picture machine operator within this jurisdiction.

Enough has been stated of the petition to show that the only thing charged in the petition against the defendants is, that they conspired and confederated together to deprive the plaintiff of the advantages of membership as stated. No facts, acts. or conduct are alleged on which to base action.

The question then is: In an action for conspiracy is it sufficient to plead that the defendants conspired and confederated to the damage of the plaintiff? The rule is that the mere charge of conspiracy is like a charge of fraud, a mere conclusion of law, and, unless the facts are stated constituting the conspiracy, a cause of action is not alleged.

The rule is stated and the authorities compiled in Bates New Pleading, Practice, Parties and Forms, Vol. 2, page 1266, et seq.

We, therefore, conclude and hold that the facts constituting a conspiracy and connecting the defendants therewith must be alleged, and a mere allegation that they conspired and confederated together, without setting up the acts or facts constituting the conspiracy and the confederation, is not enough. The demurrer will, therefore, be sustained, as against the petition in error, and the petition will be dismissed.

(Cushing, J., concurs.)