**MOORE, Plaintiff, v. DISTRICT 50 OF UNITED MINE WORKERS OF AMERICA, et, Defendants.**

Common Pleas Court, Franklin County.

No. 190,228.   Decided September 20, 1954.

318

Graham,. Graham, Hollingsworth, Gottlieb & Johnson, Zanesville, for plaintiff.

Jenkins, Williams, Wendt, Murray & Deeg, Columbus, for defendants.

## OPINION

By BARTLETT, J.

1. DEMURRER OF INDIVIDUAL DEFENDANTS TO AMEND PETITION SUSTAINED.

2. MOTION TO QUASH SERVICE OF SUMMONS FOR DISTRICT 50, UNITED MINE WORKERS, SUSTAINED.

I. Demurrer of Defendants Nicholas A. Neagos, Charles A. Minozzi and Walter Orzoleck to the amended petition is upon the ground that this action was not brought within the time limited for the commencement of such action. While the petition alleges a conspiracy, the gist of the complaint or the essential ground thereof, is the assault and battery committed November 18, 1951. The averments as to the conspiracy are matters of inducement, which merely introduces and explains the essential ground or substance of the case. Phillips Code Pleading Sec. 192; 31 O. Jur., Pleading, Sec. 56, p. 592.

The petition in the instant case was filed and summons issued thereon, June 22, 1954. The right of action on an assault and battery is barred in one year under §2305.11 R. C. Such limitation is proper ground for a demurrer under §2309.08 R. C. Clearly, on the face of the

petition the instant action was commenced more than one year after the alleged cause thereof accrued, i. e. the assault and battery.

It is urged by counsel for the plaintiff that cause of action is relieved from this limitation, by the saving clause of §2305.15 R. C., which provides:

"When a cause of action accrues against a person, if he * * * conceals himself, the period of limitation for the commencement of the action as provided in §§2305.04 to 2305.14, inclusive, * * * R. C., does not begin to run * * * while he is so * * * concealed." * * *

(Emphasis ours.)

The averment of the petition relied upon to come within the saving clause aforesaid is as follows:

"Plaintiff further says that immediately after the assault upon him the defendants further conspired to conceal from this plaintiff their participation in the assault upon this plaintiff."

(Emphasis ours.)

The saving clause statute aforesaid refers to the person who "conceals himself" while the petition recites "conspired to conceal from this plaintiff their participation in the assault."

In other words that statute has reference to the concealment of the whereabouts of the defendants while the petition avers concealment of their acts or conduct. Morris and Co. v. Cisler, 7 N. P. (N. S.) 142. "Statutes of limitation are vital to the welfare of society and are favored in the law." Wood v. Carpenter, 101 U. S. 135; 25 O. Jur., Limitation of Actions, Sec. 2, p. 423. Exceptions in statutes of limitation in favor of persons under disability are construed strictly, and cannot be enlarged from considerations of apparent hardship or inconvenience. Powell et v. Koehler et, 52 Oh St 103; 34 Am. Jur. Limitation of Actions, Sec 189, p. 153.

It would require a stretch of the imagination to conclude that the averments of the petition bring the instant case within the saving clause statute and thus suspend the running of the limitation statute. Moreover the petition makes no averment that the alleged efforts of the defendants to conceal their participation in the assault were successful, or if successful, when plaintiff first discovered or learned of such participation.

The Court, therefore, holds that the petition does not state facts that warrant the plaintiff being given the benefit of the saving clause statute; and that as against these three individual defendants, the right of action of the plaintiff is barred by the limitation statute. The demurrer of these defendants to the amended petition is sustained.

The amended petition is identical with that of the original petition, as far as these three individual defendants are concerned. Harter, J, sustained a demurrer to the petition upon behalf of these same three defendants, on the fact that the petition showed on its face, the action was for assault and battery, and was consequently barred by the one year limitation of the statute for the commencement of such an action. This affords an additional justification for this branch of the court to sustain the demurrer to the amended petition.

"It is very evident that the simplest justice to our predecessors as

well as the public, should prevent us from interfering with decisions deliberately made, merely because a difference of opinion might exist between them and us upon a doubtful and difficult question of construction." Ranney, J, in delivering the opinion of the court, **Kearney v. Buttles, 1 Oh St 362, 366; 11 O. Jur., Courts, Sec. 138, p. 786.**

"The doctrine of stare decisis, however, comes into operation, and makes a court disinclined to overrule a former decision. It has been said to be a general rule and practice for a judge of the common pleas court to follow the former decisions of that court that are unreversed, even though made in a different case." **11 O. Jur.** Courts, **Sec. 128, p. 774;** Heintz v. Caldwell, 18 O.D.N.P. 725, 60 L. Rep. 45; **Merrick et v. Merrick et, 57 Abs 49.**

Since a demurrer has been sustained twice in this court on the ground that the plaintiff's right of action is barred by the statute of limitations, as against the defendants Neagos, Minozzi and Orzoleck, leave to plead further against such defendants is denied, and suit against them is ordered dismissed at plaintiff's costs.

II. The demurrer of the defendant Daniel Sandy to the amended petition is sustained. A. The action was not brought within time limited for the commencement of such action. Sustained on same grounds as heretofore set forth in sustaining such a demurrer by the three other individual defendants herein. B. Amended petition does not state facts which show a cause of action against this defendant. Sustained.

"The members (of a union) are not subject to either criminal or civil liability for the acts of the union or its officers as such unless it is shown that they personally authorized or participated in the particular acts." Justice Murphy, United States v. White, 322 U. S. 694; Sweetman v. Barrows, 263 Mass. 349, 161 N. E. 272.

Leave to plead further denied. Suit against defendant Sandy dismissed at plaintiff's costs.

III. The motion of the defendant, District 50, United Mine Workers of America that the summons for this defendant be quashed, is hereby sustained.

Regardless of the uncertainty and conflict of the decisions as to the right to sue a voluntary unincorporated association, such as District 50, United Mine Workers of America or liabilities if sued, the fact remains clear that plaintiff rests his right to sue this union, on the provision of §2307.21 R. C., which provides:

"When the question is one of a common or general interest of many persons, or the parties are very numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

This Court having sustained a demurrer to the amended petition and dismissed this action as against all of the other defendants, members of this Union, it follows that the statute in question has no application, and the motion to quash the summons for the Union must be and is sustained.

Entries accordingly with exceptions of counsel for plaintiff.