WALLICK, PLAINTIFF, *v.* INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, ETC., ET, DEFENDANTS.

Common Pleas Court, Franklin County.

No. 213502. Decided August 21, 1962.

*Mr. Henry Clay Scott*, for plaintiff.
*Messrs. Clayman & Sigall*, for defendants.

SATER, J. Plaintiff, a non-union employee of the National Coil Company, Columbus, Ohio, has brought this action for damages, real and punitive, for alleged personal injuries and financial losses suffered by him as a result of an assault and battery assertedly inflicted on him by defendants during a strike of the Coil Company by defendants in 1961. The petition joins, as defendants, the national union, the affiliated local union, and various individuals who are sued, both as individuals and also in their respective capacities as officials of the national and local unions. All individual defendants have filed general denials. The two defendant unions have filed identical demurrers claiming (1) that the petition states no cause of action against the demurrant union, and (2) there is in the petition

a misjoinder of defendants. Both demurrers are now before the Court for determination; in view of the foregoing, this ruling will dispose of both demurrers.

The gist of the action is that all of the defendants organized and conducted the strike referred to above and together with other individuals connected with the two unions "participated in, permitted and ratified the acts hereinafter set forth. In furtherance of the strike and to make said strike effective, the defendants combined and conspired to prevent employees "of the Coil Company from working at their jobs at the Coil Company during the strike," and in accordance therewith and continuously after the commencement of the strike, said defendants repeatedly engaged in unlawful picketing and intimidation at the entrances to and exits from the (Coil) company's plant, including mass picketing, by gathering in large numbers, threats of violence and violence itself. As a direct and proximate result of the unlawful picketing and use of threats and violence in connection therewith, the plaintiff, on March 21, 1961, was intentionally and maliciously assaulted "by certain named defendants" and other union members as he attempted to pass through the pickets and union members in order to leave said plant at the end of his working day." Thereafter follows a description of his injuries, losses, pain and suffering; and the prayer for damages.

In consideration of a demurrer, it must be borne in mind that our statutes and our courts' rulings call for a liberal interpretation of the pleading under attack, but also and more specifically that a demurrer admits all that is well pleaded in such a pleading.

This is not a mere conspiracy as in *Kisler* v. *Union No. 165 et al*, 26 Ohio App., 284. Here the petition alleges a conspiracy plus stated acts engaged in in execution of that conspiracy which acts were "participated in, permitted and ratified" by defendants to further "the strike and to make said strike effective." Some of these acts attributed to defendants were intimidation, threats of violence and violence itself. It is clearly alleged that defendants participated in these acts as well as in the conspiracy to commit them and from which, for stated purposes, they arose. The result is that this case sounds

in assault and battery as was recognized by this Court in *Moore* v. *U. M. W., etc.,* 71 Ohio Law Abs, 317, and *Temple* v. *U. S. W. etc.,* (unreported), our case No. 203,989.

There can be, and often is, a vast difference between pleading and proof, but on analysis of the petition it must be found that a good cause of action is stated and that so far there is no misjoinder of parties defendant. A recent authority supporting this conclusion is *International Union, etc.,* v. *Russell,* 356 United States, 634, 644-646, 2 Lawyers Ed. (2d), 1030, 1038-1039. Parallel authorities confirming the jurisdiction of state trial courts in cases such as this are *United Constr. Workers, etc.* v. *Labernum Constr. Co.,* 347 United States, 656, 665-669, 98 Lawyers Ed., 1025, 1031-1032, *United A. A. & A. I. W.* v. *Wisconsin E. R. Board,* 351 United States, 266, 274, 100 Lawyers ed., 1162-1172, and *Youngdahl* v. *Rainfair, Inc.,* 355 United States, 131, 2 Lawyers ed. (2d), 151.

Demurrers overruled. Exceptions. Leave to plead further.