**[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 208.]**

UPPER VALLEY MEDICAL CENTERS, APPELLEE, *v.* REINHART ET AL.,
APPELLANTS.

**[Cite as *Upper Valley Med. Ctrs. v. Reinhart*, 1999-Ohio-20.]**

*Tort reform—Am.Sub.H.B. No. 350—Certificates of merit—Newly enacted R.C.*
*2305.011—Judgment of court of appeals reversed on authority of State ex*
*rel. Ohio Academy of Trial Lawyers v. Sheward and cause remanded to trial*
*court for further proceedings.*

(No. 99-340—Submitted August 25, 1999—Decided November 17, 1999.)

APPEAL from the Court of Appeals for Miami County, No. 98-CA-12.

_____

*Pope & Levy Co., L.P.A.,* and *Yale R. Levy; Reminger & Reminger Co.,*
*L.P.A.,* and *Gwenn S. Karr,* for appellee.

*Katz, Greenberger & Norton, L.L.P.,* and *Steven M. Rothstein,* for
appellants.

_____

{¶ 1} The judgment of the court of appeals is reversed on the authority of
*State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451,
715 N.E.2d 1062, and the cause is remanded to the trial court for further
proceedings.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS and RESNICK, JJ., concur separately.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

LUNDBERG STRATTON, J., dissents.

_____

**DOUGLAS, J., concurring.**

**{¶ 2}** For the reasons stated in my concurrence in *Burger v. Cleveland Hts.* (1999), 87 Ohio St.3d 188, 189, 718 N.E.2d 912, I respectfully concur.

RESNICK, J., concurs in the foregoing concurring opinion.

—————————————

**MOYER, C.J., dissenting.**

**{¶ 3}** This case raises legal challenges to the constitutionality of Am.Sub.H.B. No. 350 and its various provisions. A majority of this court held in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, that Am.Sub.H.B. No. 350 is unconstitutional. I dissented.

**{¶ 4}** It is not unusual for this court to summarily decide pending cases that raise legal issues similar to those recently decided by the court in another case. It has been my past practice in such circumstances to follow the law announced in the earlier case, even where I dissented from the decision of the majority in that earlier case. My reason is based on my belief that once this court announces its opinion on an issue of law, that principle of law should be applied consistently to all persons similarly situated, whether or not I agree with that principle.

**{¶ 5}** Regrettably, I am compelled to make an exception to that practice in this case. In view of irregularities in the assumption of jurisdiction and the inclusion of inappropriate references to the conduct of the General Assembly in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, as is more fully described in my dissent therein, I would not want a vote of concurrence in this case to in any way suggest that *Sheward* should necessarily be followed by this court in the future. Therefore I dissent from the majority decision herein, which disposes of this appeal on the authority of *State ex rel. Ohio Academy of Trial Lawyers v. Sheward.*

COOK and LUNDBERG STRATTON, JJ., concur in the foregoing dissenting opinion.

—————————————

2

**LUNDBERG STRATTON, J., dissenting.**

{¶ 6} I continue to disagree with the majority's decision in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, upon which the majority relies herein in reversing the appellate court's holding that R.C. 2305.011(A) is not unconstitutionally vague. Thus, I join in Chief Justice Moyer's dissent and agree that *Sheward* should never have been accepted as an original action. I also reiterate my belief that 1996 Am.Sub.H.B. No. 350, including the amendments made to R.C. 2315.011, at issue in this case, addresses the single subject of tort reform.

{¶ 7} Among other things, R.C. 2305.011(A) requires that a malpractice plaintiff file a certificate of merit attesting that the theory of liability will not require expert testimony or that the plaintiff or plaintiff's attorney has reviewed the pertinent material with an expert who is willing to testify that there is a reasonable basis for the action. 146 Ohio Laws, Part II, 3908-3909. This court has already explicitly adopted the general notion that a complaint must be supported by a reasonable basis. See Civ.R. 11. By requiring a malpractice plaintiff to file a certificate of merit, the General Assembly created a device more focused on verification of complex issues inherent in malpractice cases so as to preclude frivolous actions and to clarify those legitimate claims that do exist. Thus, the constitutionality of the requirement of a certificate of merit is an important issue that should have been considered on its own merits with full briefing and oral argument. But the majority's wholesale dismantling of Am.Sub.H.B. No. 350, under the pretext of a violation of the one-subject rule, will preclude this court from individually considering important issues like the one presented in this case.

{¶ 8} Accordingly, for the aforementioned reasons I dissent.

_____