OPINION
{¶ 1} Plaintiff-appellant Margaret A. Ryan appeals the October 17, 2003 Judgment Entry of the Tuscarawas County Court of Common Pleas, which granted defendant-appellee Walter W. Randolph III, M.D.'s motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 7, 2001, a letter was hand delivered to appellee at his office. A copy of that letter is attached to this opinion and incorporated herein.
 {¶ 3} Appellant filed a medical malpractice action against appellee on March 22, 2002. Appellee filed a motion for summary judgment, asserting the one year statute of limitations for bringing appellant's claim against him expired on December 26, 2001. If the November 7, 2001 letter was sufficient to comply with R.C. 2305.11(B)(1), the complaint would have been timely filed because of the 180 day extension provided by the statute.
 {¶ 4} The trial court held the November 7, 2001 letter failed to comply with the requirements of the statute and granted appellee's motion for summary judgment via Judgment Entry filed October 17, 2003. It is from that judgment entry appellant prosecutes this appeal, assigning as error:
 {¶ 5} "I. The trial court erred in granting summary judgment to Dr. Randolph on the grounds that the November 7, 2001 notice to extend the statute of limitations 180 days was insufficient."
 {¶ 6} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 7} "(E) Determination and judgment on appeal.
 {¶ 8} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 9} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 10} This appeal shall be considered in accordance with the aforementioned rule.
 I {¶ 11} R.C. 2305.11(B)(1) states:
 {¶ 12} "(B)(1) Subject to division (B)(2) of this section, an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued, except that, if prior to the expiration of that one-year period, a claimant who allegedly possesses a medical, dental, optometric, or chiropractic claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given."
 {¶ 13} The issue presented herein is whether the November 7, 2001 letter to appellee advising him his patient is considering bringing an action arising out of treatment rendered to her in November of 2000, which specifically identifies Union Hospital, but not appellee, as the potential defendant, complies with the statute and extends the statute of limitations against appellee. We agree with the trial court such does not comply.
 {¶ 14} In Marshall v. Ortega (2000), 87 Ohio St.3d 522,2000-Ohio-481, the Ohio Supreme Court stated: "The letter must be received within the one-year period of limitations and must state the claimant is considering bringing a malpractice actionagainst the recipient." Id. at 526. (Emphasis added). Because the letter in the case sub judice did not advise appellee the claimant was considering bringing a malpractice action against him, we conclude it failed to comply with R.C. 2305.11(B)(1).
 {¶ 15} Appellant's assignment of error is overruled.
 {¶ 16} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Hoffman, P.J., Farmer, J. and Boggins, J., concur.