[Cite as *Nagy v. Ctr. for Orthopedics*, 2014-Ohio-3445.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JOANN L. NAGY, et al.

    Appellants

    v.

CENTER FOR ORTHOPEDICS, et al.

    Appellees

C.A. No.     13CA010483

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    13CV179087

DECISION AND JOURNAL ENTRY

Dated: August 11, 2014

MOORE, Judge.

{¶1}  Joann L. and Richard Nagy appeal from the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}  On March 1, 2011, Ms. Nagy and her husband, Richard Nagy, filed a complaint against the Center for Orthopedics and John Krebs, M.D., Robert M. Zanotti, M.D. and William Stanfield, M.D. ("Appellees") alleging medical malpractice and loss of consortium.  The Nagys voluntarily dismissed the complaint, and they refiled it on January 17, 2013.  Thereafter, Appellees filed a motion for summary judgment, arguing that the original complaint was barred based upon the applicable statute of limitations.  The trial court granted Appellees' motion for summary judgment.  The Nagys timely appealed, and they now present one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN GRANTING [APPELLEES'] MOTION FOR SUMMARY JUDGMENT.

**{¶3}** In their sole assignment of error, the Nagys argue that the trial court erred in granting summary judgment in favor of Appellees. We disagree.

**{¶4}** We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

**{¶5}** Pursuant to Civ.R. 56(C), summary judgment is proper only if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶6}** Here, in their complaint, the Nagys alleged that Appellees failed to provide Ms. Nagy with safe and acceptable medical, hospital and surgical care and treatment resulting in her suffering physical injuries and emotional distress. It is undisputed that, after providing care to Ms. Nagy, Dr. Krebs was suspended from the practice of medicine from December 9, 2009 until September 9, 2010. On July 26, 2010, Ms. Nagy's counsel sent "180-day" letters on her behalf to the Center for Orthopedics and Drs. Krebs, Zanotti, and Stanfield. These letters were received by each of the Appellees on July 27, 2010. It is also undisputed that, although the originally filed complaint does not appear in this record, it was filed on March 1, 2011.

{¶7} Based upon these undisputed facts, the parties' arguments in support of and against summary judgment focused on the question of law of whether a doctor's suspension from the practice of medicine necessarily causes the doctor to be absent or concealed for the purposes of tolling the statute of limitations or delaying the effect of the 180-day notice.

{¶8} Pursuant to R.C. 2305.113(A), "Except as otherwise provided in this section, an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued." "[A] cause of action for medical malpractice accrues and the one-year statute of limitations commences to run (a) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later." *Frysinger v. Leech*, 32 Ohio St.3d 38 (1987), paragraph one of the syllabus. A derivative loss of consortium claim is also subject to the one year statute of limitations. *Corcino v. Neurosurgical Services, Inc.*, 9th Dist. Lorain No. 01CA007903, 2002-Ohio-1375, 2002 WL 462856, *2, citing former R.C. 2305.11(D)(3) and (7); *see also* R.C. 2305.113(E)(3). Here, the parties agree that the doctor-patient relationship between Ms. Nagy and Appellees terminated upon Dr. Krebs' suspension from the practice of medicine: December 9, 2009. Further, the parties agree that the statute of limitations began to run on this date.

{¶9} The statute of limitations may be tolled pursuant to R.C. 2305.15(A), which provides:

> When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

**{¶10}** Further, the statute of limitations may be extended under R.C. 2305.113(B)(1):

If prior to the expiration of the one-year period specified in division (A) of this section, a claimant who allegedly possesses a medical, dental, optometric, or chiropractic claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.

**{¶11}** "Where a party complies with the requirements of R.C. 2305.11(B)(1) and sends multiple written notices of intent to sue prior to the expiration of the one-year statute of limitations set forth in R.C. 2305.11(B)(1), the one-hundred-eighty-day period begins to run from the date the last notice is received by the potential defendants." *Marshall v. Ortega*, 87 Ohio St.3d 522 (2000), syllabus.

**{¶12}** Although the present case commenced with the refiling of the previously dismissed complaint, the first filed action must be filed within the applicable time periods set forth above. *See Senz v. Mills*, 9th Dist. Wayne No. 95CA0020, 1996 WL 73378, *2, citing *Reese v. Ohio State Univ. Hosp.*, 6 Ohio St.3d 162, 163 (1983).

**{¶13}** Here, Appellees moved for summary judgment, arguing that there was no question of fact that the defendants each received the 180-day notice on July 27, 2010, and the last potential defendant, who was not ultimately named as a defendant, received the 180-day notice on July 29, 2010. Therefore, pursuant to law, the 180-day time period expired no later than the end of January, 2011, making the March 1, 2011 complaint time-barred. *See* R.C. 2305.113(B)(1), and *Marshall* at syllabus.

**{¶14}** The Nagys responded that Ms. Nagy was a patient of Dr. Krebs until he was suspended from his practice on December 9, 2009, and the Nagys maintained that this is when the cause of action accrued for purposes of the statute of limitations. They then sent the 180-day letter to Appellees on July 26, 2010. The Nagys alternatively maintained that (1) the statute of

limitations was tolled during Dr. Krebs' suspension from December 9, 2009 through September 9, 2010, because, during this time, Dr. Krebs was concealed due solely to his suspension, and thus they had until September 9, 2011 to file their action, and (2) the 180-day time period set forth in their notices did not commence until September 9, 2010 because Dr. Krebs was concealed due to his suspension. The Nagys also assert that the same computations would apply to Center for Orthopedics and Drs. Zanotti and Stanfield.

{¶15} It is undisputed that Ms. Nagy's patient-physician relationship with Dr. Krebs terminated on December 9, 2009, and the parties agree that this is when the statute of limitations would commence in this case. However, as to the tolling of the statute of limitations, the Nagys point to no authority holding that a medical suspension automatically tolls the statute of limitations or delays the effect of 180-day notice, and we have not located any authority which stands for these propositions. *See* App.R. 16(A)(7) (appellant's brief to contain "the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies"). The Nagys have advanced no other argument that Appellees were "conceal[ed]" for purposes of R.C. 2305.15(A). Therefore, based upon the undisputed facts set forth above, the statute of limitations commenced December 9, 2009. This statute of limitations would have ended one-year from that date. *See* R.C. 2305.113(A). However, the Nagys sent the 180-day letters to Appellees, which were received no later than July 29, 2010. Therefore, the Nagys had no later than January 24, 2011 to file their original complaint. *See* R.C. 2305.113(B)(1), and *Marshall* at syllabus. Because the Nagys did not file their complaint until March 1, 2011, the trial court did not err in determining that no issue of fact remained as to the complaint being time-barred.

**{¶16}** Next, the Nagys argue that alternate theories of liability other than medical malpractice could be supported against Drs. Zanotti and Stanfield based upon whether they had knowledge of purported substance abuse on the part of Dr. Krebs. However, the Nagys do not state what these alternative theories of liability could be, nor do they direct us to where they have alleged these causes of action in their complaint. Therefore, we cannot say that this potential question of fact was material to the instant action. *See Wochna v. Mancino*, 9th Dist. Medina No. 07CA0059-M, 2008-Ohio-996, ¶ 9, ("A disputed fact is material if it is an essential element of the claim as determined by the applicable substantive law – one which might affect the outcome of the litigation." (Citing *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).))

**{¶17}** Accordingly, the Nagys' assignment of error is overruled.

III.

**{¶18}** The Nagys' assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
CARLA MOORE
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

PAUL M. KAUFMAN, Attorney at Law, for Appellants.

CLIFFORD C. MASCH and THOMAS B. KILBANE, Attorneys at Law, for Appellees.