[Cite as *Szwarga v. Riverside Methodist Hosp.*, 2014-Ohio-4943.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Elaina M. Szwarga et al., | : | |
| Plaintiffs-Appellants, | : | |
| | : | No. 13AP-648 |
| v. | : | (C.P.C. No. 11CVA-10-12893) |
| Riverside Methodist Hospital et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

## D E C I S I O N

### Rendered on November 6, 2014

*John W. Allen & Associates, LPA, LLC*, and *Beth Allen Owens*, for appellants.

*Roetzel & Andress, LPA, Robert B. Graziano*, and *Michael R. Traven*, for appellee Riverside Methodist Hospital.

*Hammond Sewards & Williams*, and *Frederick A. Sewards*, for appellee Raghuram Reddy, M.D.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by plaintiffs-appellants, Elaina M. and David Szwarga, from an entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Riverside Methodist Hospital (individually "Riverside"), and Raghuram P. Reddy, M.D. (individually "Dr. Reddy").

{¶ 2} On October 17, 2011, appellants filed a complaint against Riverside and Dr. Reddy (collectively "appellees"), as well as various John Doe corporations, physicians, and nurses. The complaint alleged that Dr. Reddy treated Elaina at Riverside on April 26, 2010, at which time the physician performed an endoscopic retrograde

cholangiopancreatography procedure ("ERCP").  The complaint asserted causes of action against appellees for medical negligence, informed consent, respondeat superior, and loss of consortium.

{¶ 3}  On December 13, 2012, Riverside filed a motion for summary judgment asserting that appellants had filed their complaint outside the applicable statute of limitations period.  Specifically, Riverside argued that a purported notice letter served by appellants was defective and, thus, did not extend the period of limitations under R.C. 2305.113.  On December 27, 2012, appellants filed a memorandum contra Riverside's motion for summary judgment.  Dr. Reddy filed a motion for summary judgment against appellants on January 17, 2013.  Appellants subsequently opposed Dr. Reddy's motion for summary judgment.

{¶ 4}  By decision and entry filed May 23, 2013, the trial court granted summary judgment in favor of Riverside and Dr. Reddy.  In its decision, the court held that the "purported '180-day letter' in the instant matter fails to comport with R.C. 2305.113(B)(1)."  Based upon the trial court's determination that the cognizable event giving rise to appellants' potential claim occurred on April 26, 2010, the court further determined that the action was time-barred as a matter of law.

{¶ 5}  On appeal, appellants set forth the following assignment of error for this court's review:

> THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BY INCORRECTLY INTERPRETING APPELLANTS' 180-DAY LETTER IN LIGHT OF R.C. 2305.113(B)(1).

{¶ 6}  At issue on appeal is whether the trial court erred in granting summary judgment in favor of appellees on the basis that a purported notice letter sent by appellants to Riverside failed to comport with the requirements of R.C. 2305.113(B)(1). Appellants argue that the letter at issue was sufficient to provide notice they were considering bringing an action against appellees on a medical negligence claim.

{¶ 7}  Pursuant to Civ.R. 56(C), a trial court shall grant summary judgment if the filings in the action, including the pleadings and affidavits, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law."  This court's review of a trial court's decision on summary judgment is de novo. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.,* 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24.

{¶ 8}   In accordance with R.C. 2305.113(A), "an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued."  However, R.C. 2305.113(B) (formerly R.C. 2305.11(B)), "provides an exception to this rule by affording litigants the opportunity to extend the one-year statute of limitations for an additional one hundred eighty days from the time proper notice is given to potential defendants." *Marshall v. Ortega,* 87 Ohio St.3d 522, 523 (2000).

{¶ 9}   R.C. 2305.113(B)(1) states in part:

> If prior to the expiration of the one-year period specified in division (A) of this section, a claimant who allegedly possesses a medical * * * claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.[1]

{¶ 10}  In order to be valid, "the one-hundred-eighty-day letter must comply with the requirements set forth in [R.C. 2305.113(B)(1)].  The letter must be received within the one-year period of limitations and must state that the claimant is *considering* bringing a malpractice action against the recipient." (Emphasis added.)  *Marshall* at 525-26.

{¶ 11} In the instant case, attached to Riverside's motion for summary judgment was a copy of a letter, dated April 21, 2011, from appellants' counsel to Riverside.  The letter, pertaining to Elaina's hospital treatment at Riverside, states in relevant part:

> Our office has been retained by Elaina M. Szwarga to represent her regarding the injury she sustained during an ERCP performed on April 26, 2010 at Riverside * * *.  Mrs. Szwarga was admitted to Riverside * * * on April 21, 2010 for the birth of her daughter, who was born on April 22, 2010.  On April 26, 2010, an ERCP was performed.  Following this ERCP, Mrs. Szwarga had increased complications and pain.  Later, on April 30, 2010, she underwent an operation wherein

---

[1] Similar to current R.C. 2305.113(B)(1), former 2305.11(B)(1) provided in part: "[A]n action upon a medical * * * claim shall be commenced within one year after the cause of action accrued, except that, if prior to the expiration of that one-year period, a claimant who allegedly possesses a medical * * * claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given."

it was discovered that there was a perforation of the lateral wall of her common bile duct. The operative notes state that "it was apparent that there was a common bile duct injury approximately a centimeter and a half above the duodenum." The discharge notes also state that: "Intraoperatively the patient was found to have an iatrogenic perforation of her common duct secondary to the ERCP that was performed initially." It is clear from the medical records that there was an injury caused to her bile duct during the ERCP performed on April 26, 2010.

My client is not interested in pursuing litigation and we will attempt to work with your insurance company to bring about a fair settlement within the next one hundred and eighty (180) days. If a fair settlement cannot be reached, we will have to file litigation to protect that statute. Please forward this letter to your insurance carrier.

{¶ 12} Riverside argued before the trial court that the above letter did not contain language required to extend the one-year statute of limitations period beyond April 26, 2011. Specifically, Riverside argued that appellants' letter did not state that an action was presently being considered on the claim; rather, according to Riverside, the language in the letter suggested it was meant to invite settlement. In response, appellants argued in their memorandum contra that R.C. 2305.113(B)(1) simply requires a plaintiff to inform a defendant that he or she is "considering bringing an action."

{¶ 13} Appellants, in asserting that the trial court erred in granting summary judgment in favor of appellees, contend the letter at issue must be read as a whole to determine its purpose. According to appellants, while the letter indicates that their first intent was to settle the claim, it also made clear they were considering bringing a legal action.

{¶ 14} Several appellate courts, including this court, have addressed the issue of whether a plaintiff has complied with the statutory requirement of providing notice that he or she is considering filing a medical claim. In *Josolowitz v. Grant/Riverside Methodist Hosp. Corp.,* 10th Dist. No. 99AP-1462 (June 29, 2000), this court found that a plaintiff-appellant's initial complaint served against a defendant-appellee physician did not serve as a valid (second) 180-day notice under former R.C. 2305.11(B)(1), holding in

part that "[n]owhere in such complaint or any accompanying documents does it state, in any form, that appellant was considering bringing a malpractice action against appellee."

{¶ 15} In *DeTray v. Mt. Carmel Health,* 10th Dist. No. 96APE08-1010 (Apr. 17, 1997), this court found that the plaintiffs' letter to a physician, indicating that a law firm had been retained to represent the plaintiffs "in their claim for damages resulting from personal injuries sustained by Mr. DeTray as a result of your negligence while he was a patient at your hospital," contained language sufficient to put the defendant hospital on notice that plaintiffs were considering bringing an action on a claim for purposes of the 180-day notice rule under former R.C. 2305.11(B)(1). In addition to the above language, this court noted that the letter informed the hospital that (1) plaintiffs had retained counsel, (2) plaintiffs professed to have a claim for damages, (3) the claim was based on personal injuries sustained by plaintiff allegedly as a result of negligence by the hospital, and (4) the injuries were sustained while the plaintiff was a patient at the hospital. This court found "[t]he obvious implication of the * * * letter was that appellants were considering bringing an action upon a malpractice claim." *Id.*

{¶ 16} In *Marshall,* the Supreme Court of Ohio noted that former R.C. 2305.11(B)(1) "was enacted in order 'to decrease the likelihood of frivolous medical malpractice claims by allowing parties and their attorneys additional time to investigate a potential claim which is brought to their attention shortly before the one-year statute of limitations expires.' " *Marshall* at 524-25, quoting *Edens v. Barberton Area Family Practice Ctr.,* 43 Ohio St.3d 176, 177-78 (1989).[2] Further, courts have observed that the notice provision of the statute is remedial, and "should be liberally construed to permit cases to be decided on their merits." *Marshall v. Ortega,* 8th Dist. No. 72096 (Oct. 8, 1998), *aff'd,* 87 Ohio St.3d 522 (2000) ("Marshall II").[3]

---

[2] In *Edens* at 178, the issue before the court was "whether notice pursuant to R.C. 2305.11(B) is effective on the date it is mailed or on the date it is received." In *Marshall* at 523, the certified issue before the Supreme Court was: "Where a party timely files more than one statutory notice of intent to sue in accordance with R.C. 2305.11(B)(1), does the statute of limitations for medical malpractice bar prosecution of an action for malpractice commenced within 180 days of the latest of these notices?"

[3] We note that 2001 Am.Sub.S.B. No. 281, which amended or enacted several statutes relating to medical malpractice actions in Ohio, including R.C. 2305.11, 2305.113, and 2323.43, contains uncodified language stating that part of the General Assembly's "intent" in the enactment was to "preserve the right of patients to seek legal recourse for medical malpractice."

{¶ 17} In *Kline v. Felix,* 81 Ohio App.3d 36, 38 (9thDist.1991), the plaintiff's counsel sent a letter to the defendant-dentist, noting that plaintiff was represented by counsel, and giving "notice that Mr. Kline intends to file a dental claim against you within One Hundred Eighty (180) days from the date of this letter." The letter further provided, however: "It is my hope that a lawsuit will not have to be filed. Instead, I will send a settlement brochure to your office. Upon your review of the settlement brochure, please contact me at your earliest convenience so that we can settle this matter expeditiously." *Id.* The trial court granted summary judgment in favor of the defendant-dentist, finding that the letter did not extend the statute of limitations under R.C. 2305.11(B). On appeal, the court in *Kline* reversed, finding that the language was sufficient to confirm that the plaintiff was considering the filing of a lawsuit. The court noted in part: "Kline's letter specifically confirmed that he was considering the filing of a lawsuit against Dr. Felix by stating that '[i]t is my hope that a lawsuit will not have to be filed.' " *Id.* at 41.

{¶ 18} It has been noted that, "when considering the sufficiency of a purported one-hundred-eighty-day notice, the emphasis in the inquiry should be placed on a determination of whether the defendant received adequate notice of the possibility of a malpractice suit." *DeTray* citing *Mendenhall v. Spyridon,* 2d Dist. No. 13972 (Mar. 30, 1994). In the instant case, while appellants' letter expresses a desire to avoid litigation, the language at issue further makes clear an intention to "file litigation" if a settlement cannot be reached. Specifically, the letter references the 180-day statutory time frame, i.e., the letter indicates a specific intent to file litigation within that time in order "to protect that statute." As noted under the facts, the trial court determined that the cognizable event giving rise to the claim occurred on April 26, 2010. With respect to the accrual date, courts have considered the timing of purported notice letters as part of "objective circumstances" to be viewed in determining whether a letter "should be considered a notice letter." *Byard v. Vorys,* 870 F.2d 657 (6th Cir.1989) (finding that first purported notice letter from plaintiffs' counsel to physician, which "advised" physician he had been retained to pursue a claim and which was sent only six and one-half months after plaintiffs' cause of action accrued, was only a letter of representation; the court deemed significant the fact that the letter would have only extended the running of the statute of limitations by two weeks, while further noting that, had the letter "provided a

greater extension of the statute of limitations we may have reached a different result"). Here, assuming April 26, 2010 to be the cognizable event, the letter at issue, dated April 21, 2011, was sent less than one week before the one-year statute of limitations period would have expired and, therefore, would have extended the statute of limitations almost six months.   Further, we do not find the reference in the letter encouraging settlement as contrary to the intent of the statute.   *See Marshall II* (Nahra, J., concurring) (noting that intent of 180-day notice provision under former R.C. 2305.11 is to give claimants "more time to investigate, negotiate, settle, etc.").

{¶ 19} Appellants' letter in this case informs Riverside that appellants retained counsel to represent them, that Elaina had sustained an injury during the ERCP performed at Riverside (i.e., that a potential claim existed), and that appellants would "have to file litigation" within 180 days if the claim was not resolved.  Based on this court's de novo review, we conclude that the letter at issue was sufficient to provide appellees notice that appellants were "considering bringing an action" on a claim.    Accordingly, finding that appellants' April 21, 2011 letter complied with the requirements of R.C. 2305.113(B)(1), thus extending the applicable statute of limitations, we hold that the trial court erred in granting summary judgment in favor of appellees.

{¶ 20} Based on the foregoing, appellants' single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this decision.

*Judgment reversed and cause remanded.*

DORRIAN and O'GRADY, JJ., concur.

DORRIAN, J., concurring.

{¶ 21}  I concur with the majority.

{¶ 22}  Preferring *not* to pursue litigation but, rather, to settle a legitimate medical claim is reasonable. Potential litigants, plaintiffs and defendants, may at times be so inclined for reasons such as*,* inter alia, privacy, reputation, cost of litigation, or expediency. Furthermore, such preference is not necessarily inconsistent with providing notice that a claimant is considering bringing an action upon that claim. As noted by the

majority, in *Marshall v. Ortega*, 87 Ohio St.3d 522 (2000), the Supreme Court of Ohio stated that "to be valid, the one-hundred-eighty-day letter * * * [1] must be received within the one-year period of limitations and [2] must state that the claimant is considering bringing a malpractice action against the recipient." *Id.* at 525-26. Neither *Marshall*, nor the plain text of R.C. 2305.113(B), precludes a 180-day letter from also inviting settlement. Therefore, the statement in the April 21, 2011 letter that "[m]y client is not interested in pursuing litigation and we will attempt to work with [you] * * * to bring about fair settlement" does not, in and of itself, invalidate what otherwise would constitute notice that a claimant is considering bringing an action upon a claim.

{¶ 23} In determining whether this letter otherwise constitutes a valid notice, I note the Supreme Court's emphasis on providing claimants additional time to investigate a potential claim. "The purpose of [R.C. 2305.113(B)] is to decrease the likelihood of frivolous medical malpractice claims by allowing parties and their attorneys *additional time to investigate* a potential claim which is brought to their attention shortly before the one-year statute of limitations expires." (Emphasis added.) *Edens v. Barberton Area Family Practice Ctr.*, 43 Ohio St.3d 176, 177-78 (1989). Ohio law provides for a one-year statute of limitations for medical claims. R.C. 2305.113(A). This statute of limitations is relatively brief in comparison with the statutes of limitations for many other civil causes of action, particularly in light of the fact that medical claims often involve complex issues of causation.[4] In addition to the pleadings typically required to pursue a civil claim, a plaintiff asserting a medical claim must also file an affidavit of merit from an individual familiar with the applicable standard of care indicating that each named defendant breached the standard of care. Civ.R. 10(D)(2). With this in mind, it is not surprising that potential litigants might require and avail themselves of the 180-day notice provision in determining whether a potential claim has merit. Nor is it surprising that the Supreme Court in *Marshall* further stated that the legislative intent of the statute is "to afford

---

[4] *See, e.g.,* R.C. 2305.04 (twenty-one year statute of limitations for actions to recover title to or possession of real property); R.C. 2305.06 (eight-year statute of limitations for actions on written contracts); R.C. 2305.07 (six-year statute of limitations for actions on unwritten contracts); R.C. 2305.09(A) (four-year statute of limitations for actions for trespass on real property); R.C. 2305.10(A) (two-year statute of limitations for claims for bodily injury). *See also Upper Valley Med. Ctrs. v. Reinhart*, 87 Ohio St.3d 208, 209 (1999) (Lundberg Stratton, J., dissenting) (referring to "complex issues inherent in malpractice cases"); *Ashcraft v.*

malpractice claimants with the *maximum* amount of time in which to investigate their claims." (Emphasis added.) *Id.* at 525.

{¶ 24} The letter before us quotes directly from Mrs. Szwarga's hospital records and indicates that appellants' counsel has already performed some due diligence regarding the viability of appellants' claims. The letter concludes: "It is clear from the medical records that there was an injury caused to her bile duct during the [endoscopic retrograde cholangiopancreatography] performed by you on April 26, 2010." This sentence indicates that appellants' counsel has already made an initial determination that litigation is warranted. Thus, on its face, the letter suggests that appellants need not avail themselves of an extension of the statute of limitations under R.C. 2305.113(B) in order to "investigate a potential claim which [has been] brought to their attention shortly before the one-year statute of limitations expires." *Edens* at 178. Nevertheless, given the complexity of the issues in many medical claims and the affidavit of merit requirement, additional time may still be needed to further investigate the claim. Upon further investigation, while attempting to obtain an affidavit of merit, or even during discussions with appellees' counsel or insurance carrier, appellants will ultimately determine whether the claim has merit and warrants bringing an action thereon. *Marshall* instructs that we afford appellants the maximum amount of time in which to investigate their claims. Accordingly, I concur with the majority and would reverse.

_____

*Univ. of Cincinnati Hosp.*, 10th Dist. No. 02AP-1353, 2003-Ohio-6349, ¶ 57 (referring to medical negligence or malpractice cases, in particular, as complex).